INTERNATIONAL TELEVISION FILM PRODUCTION, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
International Television Film Production, Inc. v. Commissioner
Docket No. 24600-81.
United States Tax Court
T.C. Memo 1983-152; 1983 Tax Ct. Memo LEXIS 633; 45 T.C.M. (CCH) 1049; T.C.M. (RIA) 83152; March 22, 1983. Arthur S. Kahn and Stanley H. Getz, for the petitioner. Marshall W. Taylor, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: This case is before us on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed within the period prescribed in sections 6213(a) *634 [1] and 7502. A consolidated hearing on this motion and parallel motions in Richard W. Haupt and Margie I. Haupt v. Commissioner, docket No. 24599-81, and Donald Como and Stella Como v. Commissioner, docket No. 24601-81, was held in Los Angeles, California, on July 29, 1982. [2]
On June 15, 1981, respondet mailed a notice of deficiency to petitioner at its last known address: 846 No. Cahuenga Blvd., Hollywood, California 90028. Petitioner's principal place of business *635 was within the Los Angeles District of the Internal Revenue Service at the time it filed its petition. The 90th day after the mailing of the statutory notice of deficiency was Sunday, September 13, 1981. Monday, September 14, 1981, was not a legal holiday in the District of Columbia. On September 25, 1981, an envelope was received at the Tax Court containing both the petition in this case and the petitions is docket Nos. 24599-81 and 24601-81. The Court processed the petitions and filed them. Arthur S. Kahn prepared and typed the three petitions and the envelope containing them. He sent the envelope by first class mail and affixed to it a private postage meter stamp dated September 14, 1981. He addressed the envelope to: UNITED STATES TAX COURT P.O. BOX 70, WASHINGTON, D.C. 20044 When it arrived at the Tax Court, the Post Office box number and ZIP Code had been crossed out on the envelope's address label and the ZIP Code "20217" had been written in over the address label in ink. Neither Kahn nor any of the petitioners had made these alterations in the original address. According to a United States Postal Service sampling of 1,209 pieces of mail sent from the Los *636 Angeles area to the Washington, D.C., area from September 5, 1981, to October 2, 1981, first class mail bearing readable United States postmarks was delivered 43 percent of the time in two days, 91 percent of the time in three days and 100 percent of the time in four days. Section 6213(a) provides that a petition to the Tax Court is timely if it is filed within 90 days after the notice of deficiency is mailed to a petitioner inside the United States (not counting Saturday, Sunday or a legal holiday in the District of Columbia as the last day). This requirement is jurisdictional. Estate of Moffat v. Commissioner,46 T.C. 499, 501 (1966). In the present case the last day for timely filing of the petition under section 6213(a) was September 14, 1981, the 91st day. Section 7502 provides an exception to the requirement of actual filing within the period of section 6213(a) by in certain cases treating timely mailing as timely filing. A requirement for entitlement to the benefits of section 7502, though, is that the envelope containing the document be "properly addressed." Section 7502(a)(2)(B); section 301.7502-1(c)(1)(i), Proced. & Admin. Regs.; Estate of Cerrito v. Commissioner,73 T.C. 896, 899 (1980); *637 Hoffman v. Commissioner,63 T.C. 638, 641 (1975). A misaddressed envelope which, through the intervention of third parties, is given the right address and eventually gets to the Tax Court days late is not entitled to the benefit of the timely mailing as timely filing rules. See Hoffman v. Commissioner,supra;Axe v. Commissioner,58 T.C. 256 (1972). Section 7502(b) authorizes the respondent to provide by regulation the extent to which mail bearing only a private postmark will be entitled to the benefits of the timely mailing as timely filing rules of section 7502. Under the promulgated regulations, [3] it is incumbent on a petitioner whose envelope bears a timely private postmark and which is received by the Court later than a date on which a properly addressed and mailed envelope would ordinarily arrive if mailed on the last day allowed in section 6213(a) to show three things to be entitled to the benefits of the timely mailing as timely filing provisions: first, actual timely mailing; second, that the delay in receipt was caused by a delay in the transmission of the mail; and third, the cause of such delay. *638 In the instant case, respondent argues that the petitioner is not entitled to the benefit of section 7502 for either of two reasons: First, he contends, the envelope containing the petition was not properly addressed. Second, he claims, the petition was received later than a letter mailed on September 14, 1981, would ordinarily be received and the petitioner has neither shown timely actual mailing nor the reason for any purported mail delay. To the contrary, petitioner argues that the envelope containing the petition was sufficiently properly addressed within the meaning of section 7502, citing Minuto v. Commissioner,66 T.C. 616 (1976) and Smetanka v. Commissioner,74 T.C. 715 (1980), and that the envelope was timely mailed on September 14, 1981. Petitioner asks to be relieved of the "almost impossible burden" ( Lindemood v. Commissioner,566 F.2d 646, 649 (9th Cir. 1977), affg. a Memorandum Opinion of this Court) of showing the cause of the delay in the transmission of the envelope to the Tax Court because the regulation demanding such proof is invalid either as an irrational violation of due process or because the regulation *639 does not reflect the addition of subsection (e) (relating to estimated tax deposits) to section 7502. Petitioner argues the more recent addition of subsection (e) to section 7502 reflects Congressional dissatisfaction with respondent's unconstitutionally strict test under section 7502(b). Following the judicial principle that constitutional issues should be addressed only after all statutory grounds for decision are exhausted, Califano v. Yamasaki,442 U.S. 682, 692 (1979), we turn first to the question whether the instant petition was mailed in an envelope "properly addressed" to the Tax Court. As prepared by petitioner's attorney, the envelope was addressed to the pre-1975 address of the Tax Court. It is sad but true that this is by no means the first time since the Tax Court's move in 1975 that petitions have been sent to this old address. In Minuto v. Commissioner,supra, a petition was mailed on December 29, 1975, to the Tax Court at 400 Second Street, N.W., Box 70, Washington, D.C. 20044. At the time the envelope was mailed, the Court's offices had been located at its new address of 400 Second Street, N.W., Washington, D.C. 20217 *640 for a little less than one year and our Rules of Practice and Procedure stated no particular mailing address for the Court. Noting these two facts, we concluded that a reasonable interpretation of the words "properly addressed" in section 7502(a)(2)(B) was that the envelope containing the petition was properly addressed. 66 T.C. at 621. In Estate of Cerrito v. Commissioner,supra, an envelope containing a petition was initially mailed to the Tax Court on August 30, 1979, at Box 70, Washington, D.C. 20044. In Cerrito we observed that the Tax Court had been at the new address for over four years and the Tax Court Rules of Practice and Procedure in effect at the time the petition was mailed clearly stated that petitions were to be addressed to 400 Second Street, N.W., Washington, D.C. 20217. We distinguished Minuto on these grounds and held the petition's envelope improperly addressed under section 7502(a)(2)(B). [4]
*641 The instant case is clearly governed by Cerrito and not Minuto. The Tax Court had been at its current address for well nigh seven years at the time the petition herein was mailed to the old address. The Court's Rules of Practice and Procedure had long reflected the new address at the time of mailing. Petitioner argues that use of the old address was only a minor error, unlike an error in the ZIP Code which might send a petition to a different city such as occurred in Smetanka v. Commissioner,supra.Smetanka, however, does not help petitioner. In Smetanka, a petition was addressed to Clerk of the Court, United States Tax Court, Washington, D.C. 91217. In light of both the lack of a street address for the Tax Court and a West Coast ZIP Code, we held that the envelope containing the petition was improperly addressed. We stated: An envelope showing a proper street address for the Court and a minor error in the zip code is very likely to cause no delay in delivery of the document contained therein to the Court. The purpose of section 7502 is to avoid hardship for taxpayers where deliveries of their petitions are delayed through no fault of *642 their own but rather because of improper functioning of the U.S. mail. See the discussion in Estate of Cerrito v. Commissioner,supra at 898. When the envelope containing the petition carries no street address for the Court and shows a totally improper zip code, it is quite likely that its arrival at the Court will be delayed because of the fault of the address on the envelope. [74 T.C. at 719.] Here, petitioner's envelope neither carried a correct street address nor a correct ZIP Code. [5] Assuming without deciding that the envelope was mailed on the date shown on the private meter stamp, it took eleven days for the petition to arrive at the Court. It seems fairly obvious delivery took so long because the envelope first went to the wrong location where a Postal Service employee readdressed the envelope and sent it on to the correct location. The delay was caused by the fault of petitioner's address, not the Postal Service. And it is irrelevant for purposes of section 7502(a)(2) (B) that the envelope fortuitously arrived here after third parties intervened. See Hoffman v. Commissioner,supra;Axe v. Commissioner,supra. *643 We hold the envelope herein was not "properly addressed" within the meaning of section 7502. Accordingly, petitioner may not avail itself of the timely mailing as timely filing rules of that section. [6] Further, since the petition was received by the Tax Court beyond the period provided in section 6213(a), the petition was untimely and this Court lacks jurisdiction. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the year in issue. ↩
2. Respondent's motion to dismiss in docket No. 24599-81 was denied at the time of the hearing on the ground that the petitioners in that docket were outside of the United States at the time the deficiency notice was mailed and therefore had 150 days in which to file a petition under section 6213(a). See Camous v. Commissioner,67 T.C. 721 (1977); Estate of Krueger v. Commissioner,33 T.C. 667↩ (1960). The Tax Court received the petition in docket No. 24599-81 after the 90-day period had expired, but within the 150-day period.
3. Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., provides in part: (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2↩) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. * * *
4. See also Berry v. Commissioner,T.C. Memo. 1981-106, involving a petition mailed to the old address subsequent to our opinion in Minuto but prior to our opinion in Cerrito and before a May 1, 1979, revision of Rule 10(e) of the Tax Court Rules of Practice and Procedure.↩
5. In Price v. Commissioner,76 T.C. 389↩ (1981), we held that an envelope bearing an incorrect ZIP Code, but a proper street address, was properly addressed. This is not petitioner's situation, however.
6. Holding as we do, we need not address petitioner's argument regarding the validity and constitutionality of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. We would point out, however, that that regulation was held valid in Lindemood v. Commissioner,566 F.2d 646 (9th Cir. 1977), affg. a Memorandum Opinion of this Court, and Fishman v. Commissioner,51 T.C. 869 (1969), affd. per curiam 420 F.2d 491↩ (2nd Cir. 1970).