ABBOTT HOFFMAN AND ANITA HOFFMAN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7616-74.     Filed March 12, 1975.

*Thomas E. Bulleit,* for the respondent.

OPINION

DAWSON, *Judge:* This motion to dismiss for lack of jurisdiction was assigned to and heard by Commissioner Randolph F. Caldwell, Jr. The Court agrees with and adopts his opinion which is set forth below.[1]

---

[1] Since this is a preliminary jurisdictional motion, the Court has concluded that the posttrial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in these particular circumstances.

OPINION OF THE COMMISSIONER

The case is presently before the Court on respondent's motion to dismiss for lack of jurisdiction, filed on October 24, 1974, and called for hearing on November 27, 1974. Respondent appeared by his counsel who argued in support of his motion. There was no appearance by or on behalf of petitioners. At the conclusion of the hearing the motion was taken under advisement. The motion is predicated upon two grounds: (1) The petition was not filed within the time prescribed by statute, and (2) the petition was not filed by a proper party.

A statutory notice of deficiency was mailed to Abbott and Anita Hoffman, for the taxable year 1970, on April 24, 1974. Thereafter, on September 11, 1974, there was filed, as a petition of Abbott and Anita Hoffman, a letter from Noah Kimerling, an accountant who is not admitted to practice in the Tax Court. His letter reads, in part, as follows:

> I am an accountant who prepared the personal income tax return (1040) for Abbott and Anita Hoffman, PO Box 213, Cooper Station, New York, N.Y. 10003, for the calendar year ended December 31, 1970. My clients have received a Notice of Deficiency dated April 24, 1974, reference AU:R:90 D. S. Croton, which I am now contesting for the following reasons.
>
> I have attempted to investigate the underlying facts pertaining to the deduction claimed on the above taxpayers return for 1970 on Schedule A, Miscellaneous Deductions (business bad debt). However, I have been unsuccessful in locating Abbott Hoffman and am left with no other conclusion than that the taxpayer is missing and is either a fugitive or dead. I have not had any contact with him nor heard from him since February 1974.
>
> The business bad debt in question deals specifically with Abbott Hoffman and his business relationship with Richard Moore, who incurred the bad debt. Since I cannot contact Mr. Hoffman, I am, at the present time, totally incapable of mounting a contest, although I believe a meritorious contest could be made.

The date of September 11 on which that document was filed was 140 days after the mailing of the notice of deficiency. However, it was received by the Court at its principal office in Washington, D.C., in an envelope which had been sent by registered mail and which bore a postal meter date of July 10, 1974, a date 77 days after the mailing of the notice of deficiency. That envelope was addressed as follows:

United States Tax Court
26 Federal Plaza
New York, N.Y.

Twenty-six Federal Plaza is the location of a Federal office building in New York City. The Tax Court has, since 1968, occupied space in that building, consisting of courtrooms, chambers, office facilities, and conference rooms. The Tax Court conducts trial sessions in those facilities at various times during the months of September through June, but generally not during the months of July and August. When sessions are being conducted in those facilities, there is present, in addition to the Judge or Commissioner of the Court conducting the session, one of the Court's deputy trial clerks. At other times there is no Judge or Commissioner, or member of the staff of the Clerk of the Court, or any other Court personnel at the New York facilities.

What apparently happened with the petition in the instant case is that it was found in the room assigned for the deputy trial clerk's use at the time of the trial session which began in the New York facilities on September 9, 1974. The deputy trial clerk promptly forwarded the document to the office of the Clerk of the Court in Washington, D.C. (its principal office, as provided in section 7445, I.R.C. 1954), where it was received on September 11, 1974, and filed that same day. A copy was served upon respondent on September 16, and he filed his motion to dismiss for lack of jurisdiction on October 24, 1974.

Section 6213(a) of the Code provides that where a notice of deficiency, as authorized by section 6212, has been mailed to a taxpayer, he may file a petition with the Tax Court. If he does so, it must be filed within 90 days after the notice is mailed (or within 150 days, if the notice is addressed to a person outside the United States). If the petition is not filed within those time limits, this Court has no jurisdiction. *Baker L. Axe,* 58 T.C. 256 (1972); *Earl H. C. Lurkins,* 49 T.C. 452 (1968). The Court can only file a document when it is received, and in this case, where the petition was received and filed 140 days after the notice of deficiency was mailed, it is clear that if only section 6213(a) is considered, the petition was late. However, section 7502 must also be considered. It was enacted as part of the Internal Revenue Code of 1954 to correct the inequities and hardships to taxpayers

whose petitions were delayed in being delivered to the Court through no fault of their own, but rather to the mails not functioning properly. For an example of such a situation, see *Arkansas Motor Coaches v. Commissioner,* 198 F.2d 189 (C.A. 8, 1952).

Section 7502(a)(1) provides that if any document required to be filed within a prescribed period under authority of any provision of the internal revenue laws is, after such period, delivered by the United States mails to the office with which such document is required to be filed, the date of the United States postmark stamped on the cover in which such document is mailed shall be deemed to be the date of delivery of the document. Section 7502(a)(2) requires that the postmark date be a timely one and that the document have been "deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed."

Rule 22, Tax Court Rules of Practice and Procedure, provides that "Any pleadings or other papers to be filed with the Court must be filed with the Clerk in Washington, D.C., during business hours, except that the Judge presiding at any trial or hearing may permit or require documents pertaining thereto to be filed at that particular session of the Court, or except as otherwise directed by the Court." In the instant case neither exception mentioned in the rule is applicable.

The only way for the letter-petition in this case to be regarded as having been timely filed is for the postmark date of July 10, 1974, which falls within the 90-day period, to be treated as the date of delivery of the petition to the Court under section 7502. But that section is not operative unless the envelope in which the petition was mailed was "properly addressed." The clear mandate of Rule 22 is that the envelope should have been addressed to the Court in Washington, D.C.,[2] and that such address must be

_____

[2] In this connection, we note that the statutory notice of deficiency, Form L–21B (Rev. 2–74), utilized by the Internal Revenue Service, contains the following paragraph:

"If you decide not to sign and return the statement, the law requires that after 90 days from the date of mailing this letter (150 days if this letter is addressed to you outside the United States) we assess and bill you for the deficiencies. However, if within the time stated you contest this determination by *filing a petition with the United States Tax Court, Box 70, Washington, D.C. 20044,* we may not assess any deficiencies and bill you until after the Tax Court has decided your case. The time in which you may file a petition with the Court (90 or 150 days, as the case may be) is fixed by law, and the Court cannot

regarded as the proper address for petitions to be filed with the Tax Court within the intendment of section 7502(a)(2).

Accordingly, we conclude that the requirements of section 7502(a)(2) have not been met, and that section cannot be applied in this case. It follows that the filing of the petition with the Court on September 11, 1974, the date on which it was delivered to the Court in Washington, was untimely. Therefore, the Court is without jurisdiction, and the respondent's motion to dismiss will be granted on the ground of untimely filing.

A second reason for dismissing this case for lack of jurisdiction is that the petition was not filed by the proper party. See Rule 60(a), Tax Court Rules of Practice and Procedure. The case was not brought by the persons against whom the Commissioner determined the deficiency. Mr. Kimerling, the accountant who is not admitted to practice before this Court, was obviously acting as a volunteer, and his actions have not been ratified by Abbott and Anita Hoffman. See *Percy N. Powers et al.,* 20 B.T.A. 753, 756 (1930); *Soren S. Hoj,* 26 T.C. 1074 (1956). This situation is clearly distinguishable from *Norris E. Carstenson,* 57 T.C. 542 (1972).

*An appropriate order will be entered.*

consider your case if your petition is filed late. [Emphasis supplied.]" (*Note:* The address of the United States Tax Court since Jan. 20, 1975, is 400 Second Street, N.W., Washington, D.C. 20217.)