*Decision will be entered under Rule 155.*

ED SMETANKA AND ROSE SMETANKA, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 17580–79.     Filed July 17, 1980.

*Ronald A. Hughes,* for the petitioners.
*Dennis Brager,* for the respondent.

### OPINION

SCOTT, *Judge:* On February 22, 1980, respondent filed in this case a motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by statute. Petitioners filed objections thereto, and a hearing was held in Los Angeles, Calif., on May 14, 1980.

The facts are not in dispute. On September 18, 1979, respondent mailed to petitioners, by certified mail, a statutory notice of deficiency determining a deficiency of $3,841 in petitioners' income tax for the calendar year 1976 and an addition to tax under section 6653(a), I.R.C. 1954,[1] in the amount of $192.05. Petitioners resided in Ojai, Calif., at the time that the petition in

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.

this case was filed. On December 14, 1979, petitioners mailed a petition, by certified mail, in an envelope carrying proper postage, addressed as follows:

Clerk of the Court
United States Tax Court
Washington, D.C. 91217

The envelope containing the petition was received at the Tax Court on December 26, 1979, and a stamp on the petition showed its receipt in the mailroom at 11:43 a.m. on that date.

Ninety days from September 18, 1979, expired on December 17, 1979. Section 6213 provides that within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the mailing of a notice of deficiency, a taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. If Saturday, Sunday, or a legal holiday is the last day of the 90 days, such date is not counted. December 17, 1979, was a Monday. Under these facts, it is clear that the petition in this case was not filed within the time prescribed by section 6213. However, section 7502(a)(1) provides that if the petition is received by the Tax Court after the period prescribed in section 6213 within which it may be filed, the United States postmark stamped on the cover in which the petition is mailed shall be deemed to be the date of delivery of the petition to the Court, if the other conditions prescribed in section 7502 are met. The other conditions require that the postmark date on the wrapper in which the petition is mailed be within the 90-day period provided by section 6213 for filing the petition, that the full postage be prepaid, and that the envelope or other appropriate wrapper in which the petition is mailed be properly addressed.

We have long recognized that our jurisdiction is strictly limited by statute and that unless a petition is filed within the time prescribed by the statute we lack jurisdiction and must dismiss the case for that reason. *Estate of Moffat v. Commissioner*, 46 T.C. 499 (1966). Therefore, unless the facts, here, show that the petition was mailed to this Court, postage prepaid, prior to the expiration of 90 days from the date of the mailing to petitioner of the notice of deficiency, in an envelope or other wrapper properly addressed to the Court, respondent's motion to dismiss this case for lack of jurisdiction must be granted.

The parties, here, agree that all the requirements of section

7502 were met in this case except the requirement that the envelope in which the petition was mailed be properly addressed. Petitioners argue that the envelope was properly addressed since it was addressed to the Clerk of the United States Tax Court, Washington, D.C. Petitioners contend that a post office zip code is not a necessary part of an address and that, therefore, the fact that the wrong zip code was placed on the envelope is immaterial. Respondent takes the position that the only proper address to which a petition may be mailed to the Clerk of the Court is "United States Tax Court, 400 Second Street, N.W., Washington, D.C. 20217," as set forth in Rule 10(e) of the Tax Court Rules of Practice and Procedure.

Respondent points out that Rule 22 provides that any pleadings or other papers to be filed with the Court must be filed with the Clerk in Washington, D.C., with certain exceptions not here pertinent, and that in the deficiency notice to petitioner the statement was made that if a petition was to be filed it "should be filed with the United States Tax Court, 400 Second Street, N.W., Washington, D.C. 20217." Petitioners argue that the address used by the Tax Court on orders and on envelopes merely shows "United States Tax Court, Washington, D.C. 20217," without showing the street address—400 Second Street, N.W. It is petitioners' position that even though the mailing address as given in Rule 10(e) includes the street address "400 Second Street, N.W.," the street address is not a necessary part of the address of the Tax Court.

Both parties cite and discuss the same cases. In *Minuto v. Commissioner*, 66 T.C. 616 (1976), an evelope containing a petition was addressed to "Clerk of the Court, United States Tax Court, 400 Second Street, N.W., Box 70, Washington, D.C. 20044," within the statutory time for its filing. In that case, we held that the envelope was properly addressed and denied respondent's motion to dismiss for lack of jurisdiction.

However, the rationale of the *Minuto* case was that our Rules did not state the address to which a petition should be mailed and that for many years "Box 70, Washington, D.C. 20044" had been the proper address of the Court. In *Estate of Cerrito v. Commissioner*, 73 T.C. 896 (1980), we held that an envelope containing a petition addressed "United States Tax Court, Box 70, Washington, D.C. 20044" was not properly addressed since it had been mailed after the effective date on May 1, 1979, of the

revised Rules of the Court which contained Rule 10(e). In the *Cerrito* case, we distinguished the *Minuto* case on the ground that the petition in *Minuto* had been mailed shortly after a change in the address of the Tax Court and prior to the time the Rules of the Court showed the address to which petitions should be mailed. In *Cerrito*, we pointed out that, at the time the petition there under consideration was mailed, "the new address of the Court had been in effect for well over 4 years," and the Rules of the Court did specify the address of the Court to which pleadings should be mailed.

In our view, the *Minuto* case is not applicable to a petition mailed after May 1, 1979, since after that date the Rules of the Court specifically show the address to which a petition should be mailed.

The other cases discussed by the parties include *C. Frederick Brave, Inc. v. Commissioner*, 65 T.C. 1001 (1976), in which we held an envelope addressed to the Clerk, United States District Court, Washington, D.C., not to be properly addressed; *Hoffman v. Commissioner*, 63 T.C. 638 (1975), in which we held an envelope addressed to the United States Tax Court, 26 Federal Plaza, New York City, not to be properly addressed; *Lurkins v. Commissioner*, 49 T.C. 452 (1968), in which we held an envelope addressed to the U.S. Board of Tax Appeals, Washington, D.C. 20044, not to be properly addressed; and *Axe v. Commissioner*, 58 T.C. 256 (1972), in which we held an envelope addressed to the Internal Revenue Service, Attention: Tax Court of United States, 200 No. Los Angeles, Calif., not to be properly addressed.

The facts in the instant case differ from the facts in any of the cases discussed above. The parties, in addition, discuss *Clark v. Commissioner*, T.C. Memo. 1978–356. The envelope in which the petition in the *Clark* case was mailed was addressed as follows:

> United States Tax Court
> 400 Second Street
> N.W., Washigton, D.C. 20017

However, that case was not decided on the basis of whether the envelope was properly addressed. Respondent's motion to dismiss that case was granted on the ground that the taxpayer had failed to show that the petition was received by the Court within the time in which a letter bearing a private postage meter of the date shown on the envelope in which the petition was mailed would ordinarily have been received in Washington, D.C., as

required by section 301.7502–1(c)(1)(i), Proced. & Admin. Regs. In the *Clark* case, however, we did state as follows:

> We have held that an envelope with an incorrect ZIP code number in the address was properly addressed in accordance with section 7502 and Rule 22 of the Tax Court Rules of Practice and Procedure. *Minuto v. Commissioner*, 66 T.C. 616 (1976). Cf. *Hoffman v. Commissioner*, 63 T.C. 638 (1975). Respondent argues that in order for the petition in this case to be properly addressed, it should not have depicted the ZIP code "20017" instead of the proper ZIP code for the address of the Court which is 20217. We do not agree. To render such a strict interpretation of the term "properly addressed" in section 301.7502–1(c)(1)(i), *supra,* in light of our Rule 22, amounts to a Draconian result in the case at hand. We must balance respondent's interpretation of his regulations against petitioner's loss of her right to seek relief in this Court, given what appears to be a mere typographical error. See *Minuto v. Commissioner, supra* at 619–621.

As we have stated above, the envelope in which the petition in the *Clark* case was mailed did show the street address of the Tax Court. Also, the zip code shown on the envelope in that case was the code which designated the Washington, D.C., area. These facts distinguish the *Clark* case from this case. Here no street address was shown for the Court on the envelope in which the petition was mailed, and the first digit of the zip code designated the western area of the United States. An envelope showing a proper street address for the Court and a minor error in the zip code is very likely to cause no delay in delivery of the document contained therein to the Court. The purpose of section 7502 is to avoid hardship for taxpayers where deliveries of their petitions are delayed through no fault of their own but rather because of improper functioning of the U.S. mail. See the discussion in *Estate of Cerrito v. Commissioner, supra* at 898. When the envelope containing the petition carries no street address for the Court and shows a totally improper zip code, it is quite likely that its arrival at the Court will be delayed because of the fault of the address on the envelope. Under the holdings of the various cases we have discussed, we conclude that the envelope in which the petition in this case was mailed was not properly addressed as required by section 7502. Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted.

*An appropriate order will be entered.*