WILLIAM E. PRICE AND BARBARA N. PRICE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 15774–80.     Filed February 25, 1981.

*Sanford Amdur,* for the petitioners.
*Louis T. Conti,* for the respondent.

OPINION

DAWSON, *Judge*: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for hearing of respondent's motion to dismiss for lack of jurisdiction. The Court agrees with and adopts his opinion, which is set forth below.[1]

[1]Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were heard in oral argument at Newark, N.J., on Jan. 6, 1981.

OPINION OF THE SPECIAL TRIAL JUDGE

CALDWELL, *Special Trial Judge*: This case is presently before the Court on respondent's motion to dismiss for lack of jurisdiction, filed September 22, 1980. The issue presented by the motion is whether an erroneous zip code renders an otherwise correct address improper for purposes of sections 6213(a) and 7502. The motion came on for hearing at Newark, N.J., on January 6, 1981, at which counsel for both sides presented oral argument at the conclusion of which the motion was taken under advisement.

Respondent determined a deficiency in petitioners' Federal income tax for 1977 in the amount of $3,914.

The statutory notice of deficiency, dated April 30, 1980, was mailed by certified mail on April 30, 1980, to petitioners' last known address at R.D. No. 5, Chase Corners, Shaverton, Pa. 18708. On August 18, 1980, this Court received a petition in an outer envelope bearing a private postage meter stamp dated July 28, 1980. Pursuant to section 6213(a), the 90-day period within which the petition may be filed expired on July 29, 1980.

The aforesaid petition was previously first mailed in an envelope addressed to "Clerk of the Tax Court, U.S. Tax Court, 400 Second Street, N.W., Washington, D.C. 20044," bearing a U.S. postmark of July 29, 1980.[2] The correct zip code of the Tax Court is 20217. The secretary employed by petitioners' counsel mailed the petition by certified mail, return receipt requested, on July 28, 1980. The U.S. Postal Service returned the envelope containing the petition to petitioners' counsel as undeliverable. Petitioners' counsel then enclosed the returned envelope, without opening it, in a new envelope addressed to U.S. Tax Court, 400 Second Street, N.W., Washington, D.C. 20217. The outer envelope was then predated by counsel's private postage meter with the postmark date July 28, 1980. The petition was received by the Clerk of the Tax Court on August 18, 1980, 110 days after the mailing of the notice of deficiency.

Section 6213(a) provides that a taxpayer may file a petition for redetermination of a deficiency within 90 days after the

---

[2]Respondent's motion alleges that the postmark is illegible. A careful examination of the postmark, with the aid of a magnifying glass, reveals that the postmark date is July 29, 1980.

statutory notice of deficiency is mailed to an address in the United States.[3] Failure to file a petition within the prescribed period precludes this Court from obtaining jurisdiction over the matter. *Estate of Moffat v. Commissioner*, 46 T.C. 499 (1966). Generally, the date a petition is considered filed is the date it is received by the Clerk of the Tax Court, which in the instant case is August 18, 1980. However, when a petition is received after the period prescribed by section 6213(a), the petition is deemed filed when mailed, provided the requirements of section 7502 are satisfied. Section 7502(a) requires that the date of the U.S. postmark be within the prescribed period, that the document be properly addressed, and that sufficient postage be prepaid.[4]

Clearly, the outer envelope, bearing the private postage meter stamp, does not meet the requirements of section 7502(a)(2) in that it was deposited in the U.S. mail after the 90-day period expired. Thus, the only issue is whether the inner envelope, postmarked by the Postal Service within the prescribed period but containing an incorrect zip code, was properly addressed.

Respondent takes the position that an address containing an erroneous zip code fails to satisfy the requirement of section 7502(a)(2)(B) that the envelope be properly addressed. In support of his position, respondent primarily relies on *Estate of Cerrito v. Commissioner*, 73 T.C. 896 (1980), in which we held that an envelope addressed "United States Tax Court, Box 70, Washington, D.C. 20044" was not properly addressed. We find that case to be factually distinguishable from the instant case. The address utilized by the petitioner in *Cerrito* failed to give a correct location of this Court. There was no identifiable address

---

[3] A taxpayer is allowed 150 days in which to file a petition for redetermination of a deficiency if the notice of deficiency is mailed to an address outside the United States. Sec. 6213(a).

[4] Sec. 7502(a) provides in pertinent part:

(2) MAILING REQUIREMENTS.—This subsection shall apply only if—

(A) the postmark date falls within the prescribed period or on or before the prescribed date—

(i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or

(ii) for making the payment (including any extension granted for making such payment), and

(B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made.

other than a discontinued post office box number in the District of Columbia. It is therefore not surprising that the petition was returned to the taxpayer in that case. In the instant case, the address used by petitioner gives the precise location of this Court. The street, number, and section of the city are correctly named; only the zip code is incorrect.[5]

Respondent attempts to distinguish *Minuto v. Commissioner*, 66 T.C. 616 (1976), upon which petitioners rely, in which we held that an envelope addressed to "Clerk of the Court, United States Tax Court, 400 Second Street, N.W., Box 70, Washington, D.C. 20044," was not improperly addressed. In that case, we decided that the words "properly addressed" should be given a reasonable interpretation.[6] Although the facts in *Minuto* are distinguishable in that the address of the Court had recently been changed and was not printed in the Tax Court Rules of Practice and Procedure, we find the analysis utilized by the Court in that case applicable herein. We adhere to our holding that the words "properly addressed" contained in section 7502 should be reasonably interpreted.

The U.S. Postal Service's Domestic Mail Manual at subchapter 22, part 122–12 and –14 provides: "The address *must* include the name and street and number, or post office box number * * * The zip code *should* be included in all addresses and return addresses." (Emphasis supplied.)[7] It appears that the Postal Service *requires* only the name, street, and number of the addressee. The use of zip codes is for the convenience of the Postal Service and to date is not required as a prerequisite to the delivery of mail.

In *Clark v. Commissioner*, T.C. Memo. 1978–356, we held that an envelope addressed to the United States Tax Court, 400 Second Street, N.W., Washington, D.C. 20017, was properly addressed. Although that case was dismissed for lack of jurisdic-

---

[5] It is interesting to note that in *Cerrito*, the remailed petition eventually filed by this Court was received in a new envelope bearing a "correct address" but an incorrect zip code.

[6] In *Minuto v. Commissioner*, 66 T.C. 616 (1976), we stated at page 621: "In light of the fact that the Rules in effect when the petition in this case was mailed stated no mailing address for the Court and at that time the Court's offices had been located at its new address of 400 Second Street, N.W., Washington, D.C., for a little less than 1 year, we conclude that a reasonable interpretation of the words 'properly addressed' in section 7502(a)(2)(B) is that the envelope in which the petition in this case was enclosed was properly addressed."

[7] Incorporated by reference in 39 C.F.R., ch. 1, subch. C, sec. 111.1 (1980).

tion because the petitioner could not prove timely filing, we stated as follows:

We have held that an envelope with an incorrect ZIP code number in the address was properly addressed in accordance with section 7502 and Rule 22 of the Tax Court Rules of Practice and Procedure. *Minuto v. Commissioner*, 66 T.C. 616 (1976). Cf. *Hoffman v. Commissioner*, 63 T.C. 638 (1975). Respondent argues that in order for the petition in this case to be properly addressed, it should not have depicted the ZIP code "20017" instead of the proper ZIP code for the address of the Court which is 20217. We do not agree. To render such a strict interpretation of the term "properly addressed" in section 301.7502–1(c)(1)(i), *supra*, in light of our Rule 22, amounts to a Draconian result in the case at hand. We must balance respondent's interpretation of his regulations against petitioner's loss of her right to seek relief in this Court, given what appears to be a mere typographical error. See *Minuto v. Commissioner, supra* at 619–621.

Another case relied upon by respondent is *Smetanka v. Commissioner*, 74 T.C. 715 (1980), in which we held an envelope addressed "Clerk of the Court, United States Tax Court, Washington, D.C. 91217" not to be properly addressed. In *Smetanka*, we distinguished the facts presented from those present in *Clark* and stated that the address in *Clark* provided for a street address of the Court as well as a zip code that correctly identified the area as Washington, D.C. The address used in *Smetanka* contained no street address and a West Coast zip code. We noted that the purpose of section 7502 is to ameliorate the hardships and inequities imposed by a strict application of section 6213 when a delay in delivery is caused by the Postal Service.[8] Our reasoning in *Smetanka* is equally applicable in the instant case.

When the address on the envelope contains the street name,

---

[8]In *Smetanka v. Commissioner*, 74 T.C. 715 (1980), we stated at 719:

"As we have stated above, the envelope in which the petition in the *Clark* case was mailed did show the street address of the Tax Court. Also, the zip code shown on the envelope in that case was the code which designated the Washington, D.C. area. These facts distinguish the *Clark* case from this case. Here no street address was shown for the Court on the envelope in which the petition was mailed, and the first digit of the zip code designated the western area of the United States. An envelope showing a proper street address for the Court and a minor error in the zip code is very likely to cause no delay in delivery of the document contained therein to the Court. The purpose of section 7502 is to avoid hardship for taxpayers where deliveries of their petitions are delayed through no fault of their own but rather because of improper functioning of the U.S. mail. See the discussion in *Estate of Cerrito v. Commissioner, supra* at 898. When the envelope containing the petition carries no street address for the Court and shows a totally improper zip code, it is quite likely that its arrival at the Court will be delayed because of the fault of the address on the envelope."

number, and city, as required by the Postal Service, a delay in delivery caused by an incorrect zip code should be attributed to the Postal Service, and not to the sender.[9] Therefore, we hold that the envelope correctly identifying the street address and city of the Tax Court is properly addressed as required by section 7502. Accordingly, respondent's motion to dismiss for lack of jurisdiction is denied.

*An appropriate order will be issued.*

---

[9]We note that a petitioner must establish that a delay was due to a delay in transmission of the mail as well as the cause of the delay whenever a postmark on the envelope is made other than by the U.S. Post Office. Sec. 301.7502–1(c)(1)(iii)(*b*), Proced. & Admin. Regs. In the instant case, the July 29, 1980, postmark was made by the U.S. Postal Service.