MORTON I. JULIEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Julien v. Commissioner
Docket No. 13551-83.
United States Tax Court
T.C. Memo 1984-291; 1984 Tax Ct. Memo LEXIS 382; 48 T.C.M. (CCH) 237; T.C.M. (RIA) 84291; June 4, 1984. Morton I. Julien, pro se. Gregg M. Weiss, for the respondent. FEATHERSTON
FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge John J. Pajak pursuant to the provisions of section 7456(c) of the Code [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. The issues for decision are: (1) whether the petition was timely filed under section 6213(a); and (2) whether the statutory notices of deficiency, one for 1978 and the other for 1979, were mailed to petitioner's last known *384 address as of the respective mailing dates. To the extent stipulated, the facts are so found. Petitioner resided in Sunnyside, New York, when his petition was filed. Respondent determined deficiencies in petitioner's Federal income taxes for 1978 and 1979 in the amounts of $4,408 and $5,933.49, respectively. The notice of deficiency for 1978 was sent by certified mail on July 22, 1980, to petitioner and his then spouse at the Hartsdale, New York, address shown on petitioner's joint Federal income tax return for 1978. The notice of deficiency for 1979 was sent by certified mail on July 20, 1981, to petitioner at the Roosevelt Island, New York, address shown on petitioner's Federal income ta return for 1979. Petitioner did not file his petition until June 2, 1983, which was 1,045 days and 682 days after the mailing of the respective notices of deficiency for 1978 and 1979. Because the petition was not timely filed under section 6213(a), the case must be dismissed for lack of jurisdiction; the issue is the ground for the dismissal. Shelton v. Commissioner,63 T.C. 193 (1974). Petitioner separated from his former spouse and moved out of the Hartsdale, New *385 York, residence on October 27, 1979. He moved to the Roosevelt Island, New York, address shown on the 1979 return which he filed in June 1980. Petitioner then moved to a new address in Roosevelt Island, New York, which was shown on his 1980 return filed in April 1981. Petitioner did not provide respondent with any notices of his changes in address. Petitioner testified that he never received either of the deficiency notices. His petition requested a "redetermination of liability as set forth * * * in * * * Notice of Levy (form 668-W(C))." [2] He also testified that from October 27, 1979 until March 31, 1982 he was refused entry into the Hartsdale, New York, house by his former spouse from whom he was divorced in 1982, and that she did not forward all mail addressed to them jointly. It is regrettable if petitioner's marital difficulties led to his present problems with the Internal Revenue Service collection agents. That does not, however, answer the question of whether this Court has jurisdiction to hear the merits of his case. Section 6213(a) requires, with one exception not relevant here, that a taxpayer *386 file a petition for redetermination with this Court within 90 days after the mailing of a notice of deficiency. This requirement is jurisdictional. Shipley v. Commissioner,572 F.2d 212 (9th Cir. 1977), affg. a Memorandum Opinion of this Court; Price v. Commissioner,76 T.C. 389 (1981); Estate of Moffat v. Commissioner,46 T.C. 499 (1966). An untimely petition precludes this Court from excercising jurisdiction over the matter. Danman v. Commissioner,35 T.C. 1140 (1961). There is no requirement that the taxpayer actually receive the notice of deficiency in order to trigger the running of the 90-day period for the filing of a petition. Cataldo v. Commissioner,60 T.C. 522, 524 (1973), affd. 499 F.2d 550 (2d Cir. 1974). The parties agree that the petition in this case was filed long after the respective 90-day periods had expired for the 1978 and 1979 notices. Petitioner argues, however, that each of the notices of deficiency was invalid because it was not mailed to his last known address as required by section 6212(b)(1). Respondent contends that each notice was properly mailed. *387 [3]
Section 6212(a) provides that once the Secretary or his delegate [4] determines there is a deficiency in income tax, he is authorized to send a notice of deficiency by certified or registered mail. Section 6212(b)(1) states in pertinent part that the notice of deficiency shall be sufficient if mailed to the taxpayer's "last known address." The phrase "last known address" is not defined in section 6212, nor in the regulations promulgated thereunder. [5] This phrase has been interpreted by this Court to mean the taxpayer's last known permanent address or legal address, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications. Stated otherwise, it is the address to which, in light of all the surrounding facts and circumstrances, the Commissioner reasonably believed the taxpayer wished the notice to be sent. Brown v. Commissioner,78 T.C. 215, 218 (1982); *388 Weinroth v. Commissioner,74 T.C. 430, 435 (1980). The burden is on the respondent to mail a notice of deficiency to the last known address. By contract, as this Court has stated, "Administrative realities demand that the burden fall upon the taxpayer to keep the Commissioner informed as to his proper address * * * [and the Commissioner] is entitled to treat the address appearing on a taxpayer's return as the last known in the absence of clear and concise notification from the taxpayer directing the Commissioner to use a different address." Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976); see Looper v. Commissioner,73 T.C. 690, 696-697 (1980). Whether either one or both parties have met their respective burden is a question that must be resolved based on the circumstances of each case. Lifter v. Commissioner,59 T.C. 818, 821 (1973). Petitioner asserts that the 1980 tax return he filed in 1981, the year in which each of the deficiency notices was sent, provided respondent *389 with his then last known address and that therefore he had met his burden. We disagree. This Court has consistently held that a change in address shown on a subsequent return does not, by itself, constitute clear and concise notice to the Commissioner of a new address. Weinroth v. Commissioner,supra;Budlong v. Commissioner,58 T.C. 850, 852 (1972). [6] In applying that principle to the facts of this case, we are thus required to find that the respondent mailed each notice of deficiency to petitioner's respective last known address. Because each of the notices of deficiency for 1978 and 1979 was sent to petitioner's last known address *390 and he did not file his petition with the Tax Court for either of those years within the required 90-day period, we have no choice but to grant respondent's motion. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Form 668-W(C), Notice of Levy on Wages, Salary and Other Income.↩
3. There is nothing in this record to indicate that anything other than a single joint notice was required to be mailed to petitioner and his then wife for the taxable year 1978. Sec. 6212(b)(2).↩
4. See sec. 7701(a)(11)(B).↩
5. Sec. 301.6212-1, Proced. & Admin. Regs.↩
6. In Mollet v. Commissioner, 82 T.C.    , (1984), the Court recently stated: We and other courts have stated that the mere filing of a return for a subsequent year, and prior to the issuance of a statutory notice showing a different address, is not by itself sufficient to constitute notice to respondent of a change of address for purposes of section 6212(b)(1), and that respondent is therefore entitled to rely on the address shown by the return for the year under audit. [citations omitted.]↩