MICHAEL J. WHITTEN, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Whitten v. Commissioner
Docket No. 23543-91
United States Tax Court
T.C. Memo 1993-57; 1993 Tax Ct. Memo LEXIS 62; 65 T.C.M. (CCH) 1918; February 22, 1993, Filed *62 An order granting respondent's motion to dismiss will be entered. For petitioner: Ben A. Douglas. For respondent: Audrey M. Morris. BEGHE
BEGHE
MEMORANDUM OPINION BEGHE, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax for the taxable years 1985, 1986, and 1987, as follows: 1985
1986
1987
Deficiency
$ 48,041
$ 40,138
$ 166,806
Additions to Tax:
Sec. 6651(a)(1)
4,908
6,173
12,600
Sec. 6653(a)(1)
2,402
-- -- Sec. 6653(a)(2)
[1]  -- -- Sec. 6653(a)(1)(A)
-- 2,007
8,340
Sec. 6653(a)(1)(B)
-- [2]  [3]  Sec. 6654
718
1,007
1,150
This case is before us on respondent's motion to dismiss for lack of jurisdiction, on the ground that petitioner failed to file his petition within the 90-day period prescribed by section 6213(a). [1] When petitioner filed his petition, on the 91st day after respondent *63 sent the statutory notices of deficiency, he was a resident of Denton, Texas. Petitioner claims that he is entitled to the 150-day filing period allowed in section 6213(a) for notices addressed to a person outside the United States. For the reasons set forth below, we hold for respondent and will grant respondent's motion to dismiss. Background
On July 17, 1991, respondent mailed petitioner three sets of statutory notices of deficiency, for the taxable years 1985, 1986, and 1987, to his last known address, 2145 Woodbrook, Denton, Texas 76205, which was his residence, and to his two business addresses: (1) P.O. Box 1566, Denton, Texas 76202 and (2) his office at 218 North Elm, Denton, Texas 76201. Respondent mailed the notices by certified mail, return receipt requested. The notices of deficiency stated, in part: If you want to contest this deficiency in court before making any payment, you have 90 days from *64 the above mailing date of this letter (150 days if addressed to you outside of the United States) to file a petition with the United States Tax Court for a redetermination of the deficiency. The petition should be filed with the United States Tax Court, 400 Second Street, NW., Washington, D.C. 20217, and the copy of this letter should be attached to the petition. The time in which you must file a petition with the Court (90 or 150 days as the case may be) is fixed by law and the Court cannot consider your case if your petition is filed late. * * *
Petitioner filed his petition with the Court on October 16, 1991, 91 days after respondent mailed him the statutory notices. Petitioner is an attorney licensed to practice law in Texas. At noon on Wednesday, July 17, 1991, petitioner left his office and went home. Petitioner, his wife, and two minor sons had reservations to travel to Toronto, Canada, on Saturday July 20, 1991, and planned to return to Denton on Saturday, July 27, 1991. The principal purpose of petitioner's trip was to attend a convention in Toronto of the American Trial Lawyers Association. The trip was also intended to be a family vacation. After petitioner *65 left his office on Wednesday, July 17, he did not return to the office before he and his family left for Canada on July 20. During this intervening period, petitioner did some household chores, packed the family suitcases, and spent some quality time with his sons. In anticipation of his week-long trip, petitioner filed a request with the Denton Post Office to suspend delivery of mail to his residence, effective July 18 or 19, until he should return to pick it up on Monday, July 29, 1991, when he scheduled his regular mail delivery service to resume. On July 19, 1991, the U.S. Postal Service unsuccessfully attempted to deliver the statutory notices of deficiency to petitioner's post office box and office, respectively. Because no one was at petitioner's office to sign for letters, the postman left a notice (PS Form 3849), stating that petitioner could pick up the certified letter at the Post Office during business hours. The Postal Service placed a similar notice in petitioner's post office box, and petitioner did not pick up that notice until he returned from Toronto. On that same day, July 19, in accordance with petitioner's request to suspend his residential mail delivery, *66 the Denton Post Office held the statutory notices addressed to his residence and did not deliver any certified mail notices to his house. On Saturday morning, July 20, 1991, petitioner and his family traveled by private automobile to the Dallas-Fort Worth airport, from which they flew to Toronto, Canada, by commercial carrier. Petitioner and his family returned to Denton on Saturday, July 27, 1991. On Monday morning, July 29, 1991, petitioner went to his office and had actual notice that the Postal Service had attempted to deliver certified mail to his office. Later that day, petitioner picked up from the Post Office the mail that had been held for him while he was away. Petitioner actually received at least one set of the statutory notices of deficiency on July 29, 1991. On Tuesday, October 15, 1991, petitioner sent his pro se petition to the Court by Federal Express overnight delivery. The Court received and filed the petition the next day, October 16, 1991, 91 days after respondent had mailed the notices of deficiency. October 15, 1991, was not a Saturday, Sunday, or legal holiday in the District of Columbia. Discussion
Section 6213(a) generally provides that a petition *67 for redetermination of a deficiency must be filed with the Tax Court within 90 days after respondent mails the notice of deficiency. Section 6213(a) also provides that the filing period shall be 150 days if the notice is "addressed to a person outside the United States". Petitioner concedes that if he does not qualify for the 150-day period, his petition was not timely filed. Section 7502 and the regulations thereunder provide that a petition filed with the Tax Court is considered timely filed if it is timely mailed and other conditions are satisfied. Sec. 7502(a)(1); sec. 301.7502-1(a), (b)(1)(ii), Proced. & Admin. Regs. [2] A petition is timely mailed if the taxpayer properly mails his petition to the Tax Court on or before the 90th (or 150th) day after the notice of deficiency is mailed, [3] even if the Court does not receive it until after the 90th (150th) day. Blank v. Commissioner, 76 T.C. 400, 403-404 (1981); Smetanka v. Commissioner, 74 T.C. 715, 716 (1980). However, petitions delivered by private carriers, such as Federal Express, do not get the benefit of the section 7502 timely mailing rule, [4] even though *68 the taxpayer delivers the petition to the carrier on the 90th day and the envelope bears that date. Petrulis v. Commissioner, 938 F.2d 78 (7th Cir. 1991), affg. T.C. Memo. 1991-39; Blank v. Commissioner, supra; see Estate of Levinsky v. Commissioner, T.C. Memo. 1982-544. *69 We must dismiss a case for lack of jurisdiction if the petition is not filed within the 90-day (150-day) period prescribed by section 6213(a). Malekzad v. Commissioner, 76 T.C. 963 (1981); Estate of Moffat v. Commissioner, 46 T.C. 499 (1966); see also Gonzalez v. Commissioner, T.C. Memo. 1992-313. Petitioner contends that this jurisdictional provision should be construed in a way that facilitates rather than forecloses access to the Tax Court, the statutory prepayment forum. See Levy v. Commissioner, 76 T.C. 228, 231 (1981); Lewy v. Commissioner, 68 T.C. 779, 781-782 (1977). Petitioner also asserts that the Court, in deciding whether he had 90 days or 150 days within which to file his petition, should focus on the congressional purpose underlying the 150-day rule, and not apply the statute mechanically. Levy v. Commissioner, supra; Lewy v. Commissioner, supra.
The 150-day provision was originally enacted in the Revenue Act of 1942, ch. 219, 56 Stat. 798, *70 to alleviate the hardships caused by delays in mail delivery during World War II. S. Rept. 1631, 77th Cong., 2d Sess. (1942), 1942-2 C.B. 504, 554, 618. After the war, the provision was retained "to assist those taxpayers who reside and conduct their business and professional activities * * * 'outside the United States.'" Degill Corp. v. Commissioner, 62 T.C. 292, 297 (1974); accord Camous v. Commissioner, 67 T.C. 721, 735 (1977). The 150-day rule is designed to prevent the hardship caused by delays in receipt of notices of deficiency due to taxpayers' absence from the United States and the relatively slow international mails. Looper v. Commissioner, 73 T.C. 690 (1980). In Lewy v. Commissioner, supra, the taxpayer, a French attorney, maintained residences and offices in New York City and Paris. On the day the Commissioner mailed a statutory notice of deficiency to the taxpayer's New York residential address, [5] he was preparing to leave the United States and left the country the next day for an extended stay abroad. The notice *71 was delivered to the taxpayer's New York residence after the taxpayer had departed the United States. The taxpayer did not have actual notice of the statutory notice until he returned to New York nearly 3 months later. The taxpayer mailed his petition on the 91st day, and it was filed with the Court on the 95th day after the Commissioner had mailed the statutory notice. The Commissioner moved to dismiss for lack of jurisdiction, but the taxpayer objected on the ground that he had 150 days to file his petition In Lewy, the Court concluded that the answer to the Commissioner's argument that the filing period should be confined to 90 days should not turn on the taxpayer's "ephemeral presence" in the United States on the date of mailing. Instead, the Court looked to the purpose for which the 150-day rule was enacted. Inasmuch *72 as the taxpayer regularly spent long periods of time in Paris and his stay there of almost 3 months from the date of mailing to the date of actual receipt caused the actual delay in receipt, the Court held that the taxpayer was entitled to the 150-day filing period and denied respondent's motion to dismiss. Lewy v. Commissioner, supra at 783. The Court reached a similar result in Levy v. Commissioner, supra.There, the taxpayers were in the United States for part of the day on which the statutory notice was mailed but left that day at 9:15 a.m. for a 4-day vacation in Jamaica. The Court found that a 4-day delay in their receipt of the statutory notice was caused by their absence from the country, and held that the 150-day period applied. The Court said in Levy v. Commissioner, supra at 231, that "the petitioners were abroad when the statutory notice was delivered at their home, and this seems to be what the statute contemplates." See also Mindell v. Commissioner, 200 F.2d 38 (2d Cir. 1952); Estate of Krueger v. Commissioner, 33 T.C. 667 (1960) *73 (temporary absence from the United States does not preclude application of the 150-day rule). By contrast, the taxpayers in Malekzad v. Commissioner, supra, did not get the benefit of the 150-day rule even though they had left for Mexico on the Saturday morning that the statutory notice was delivered to their house in Beverly Hills, California. The taxpayers returned the next day and no delay in the receipt of the notice resulted from their absence from the country for a day and a half. See also Cowan v. Commissioner, 54 T.C. 647 (1970) (no actual delay caused by day trip to Mexico); Logan v. Commissioner, T.C. Memo. 1993-22. Petitioner's failure actually to receive the statutory notices until after he returned from his trip is not the kind of hardship the 150-day rule was designed to prevent. Unlike the taxpayer in Lewy v. Commissioner, supra, petitioner does not regularly conduct business anywhere outside the United States. The purpose of his trip to Canada was to attend a convention and take a family vacation. Even though petitioner's actual *74 receipt of the statutory notices was delayed by 10 days, the delay was due to petitioner's voluntary suspension of his mail delivery on a day that he was not out of the country for any part of the day. Petitioner's receipt of the statutory notices was also delayed by the fact that he did not go to his post office box or office on Friday, July 19, 1991, to check his mail. We are not faced with factual situations like those in Levy v. Commissioner, supra, and Lewy v. Commissioner, supra. Petitioner was in the United States on the date of mailing (July 17) and in the United States on the date (July 19) the Postal Service tried to deliver and could have delivered the notices to him if he had not suspended his home mail delivery and had checked his post office box or office. Although petitioner was making preparations to leave the country during this 3-day period, and might even be considered to have already commenced his vacation, his continued presence in the United States was more than ephemeral. Petitioner's suspension of his mail delivery service on Friday, July 19, 1991, does not obviate the fact that he was *75 still in the United States all that day, even though the next day he was going to leave the country for a week. July 19 was the day on which the Postal Service tried to deliver copies of the notices of deficiency to petitioner's post office box and office. It was also the day on which the Postal Service in all likelihood would have delivered the notices of deficiency to his home had he not suspended his residential mail delivery. On July 29, 1991, when petitioner returned from Canada, he received the deficiency notices and still had 78 days remaining in which to file a timely petition with this Court, but he filed late, on the 91st day after respondent mailed him the notices of deficiency. We hold that the statutory notices were not addressed to a person outside the United States and that the 150-day filing period provided in section 6213(a) does not apply. The petition was untimely and we lack jurisdiction over this case. To reflect the foregoing, An order granting respondent's motion to dismiss will be entered. Footnotes
1. 50% of the interest due on $ 48,041.↩
2. 50% of the interest due on $ 40,138.↩
3. 50% of the interest due on $ 166,806.↩
1. All section references are to the Internal Revenue Code in effect for the years in question.↩
2. Among other conditions that must be satisfied are that the postmark on the envelope containing the petition be dated within the period set by sec. 6213(a), that the envelope bear the proper postage, and that it be properly addressed. Sec. 7502(a)(2); Smetanka v. Commissioner, 74 T.C. 715, 716↩ (1980).
3. If the last day for filing the petition falls on a Saturday, Sunday, or legal holiday in the District of Columbia, the statutory period is extended to the next business day. Sec. 6213(a); secs. 301.7502-1(c)(3) and 301.7503-1, Proced. & Admin. Regs.↩
4. The dispute over the time petitioner had to file his petition could have been avoided if he had sent his petition to the Court by U.S. Mail, and it had been properly postmarked on or before Oct. 15, 1991. Although private carriers such as Federal Express are highly reliable for purposes of effecting actual delivery to addressees the next day, the timely mailing rule requires that the letter be received by the U.S. Postal Service, an agency of the U.S. Government. Thus, in determining the viability of last minute petition filings, receipt by the Postal Service is more efficacious than actual delivery by a private carrier.↩
5. The Commissioner also mailed a copy to the taxpayer's Paris address but he apparently did not receive it. Lewy v. Commissioner, 68 T.C. 779, 780↩ (1977).