T.C. Memo. 2001-27


UNITED STATES TAX COURT


ESTATE OF MARGUERITE M. CRANOR, DECEASED, JOHN R.
PHILLIPS, JR., ADMINISTRATOR AD LITEM, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15171-99.                    Filed February 8, 2001.


　　　　P's counsel deposited an envelope containing P's
petition with FedEx on the 87th day after R mailed the
notice of deficiency.  The envelope bore the correct
name, address, and ZIP code for this Court.  FedEx held
the envelope at a FedEx office rather than delivering
it and later returned it to the sender.  P's counsel
re-sent the petition with FedEx, and the petition was
delivered to the Court on the 101st day after the
notice of deficiency was sent.  R filed a motion to
dismiss for lack of jurisdiction.

　　　　1.  Held, the envelope was properly addressed as
required by sec. 7502(a)(2)(B), I.R.C.

　　　　2.  Held, further, P's petition was timely filed
because it was timely sent.  See sec. 7502(a), (f),
I.R.C.  Thus, we will deny R's motion to dismiss for
lack of jurisdiction.

Winston S. Evans and J. Allen Reynolds III, for petitioner.

Robert B. Nadler, for respondent.

MEMORANDUM OPINION

COLVIN, Judge:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by section 6213(a) or section 7502.  We hold that the petition was timely filed because it was timely sent.  See sec. 7502(a), (f).  Thus, we will deny respondent's motion.

Section references are to the Internal Revenue Code in effect for 1999.

## Background

### A.  Petitioner and the Notice of Deficiency

John R. Phillips, Jr., is the administrator ad litem of the Estate of Marguerite M. Cranor, Deceased (decedent).  Decedent died a resident of Tennessee, and her will was probated in Tennessee.  The administrator ad litem lived in Gallatin, Tennessee, when the petition was filed.

On June 8, 1999, respondent sent a notice of deficiency by certified mail to petitioner in which respondent determined an estate tax deficiency of $317,280.  The 90th day after the notice of deficiency was issued was September 6, 1999, which was a legal holiday (Labor Day) in the District of Columbia.  Therefore,

September 7, 1999, was the last date for petitioner to timely file a petition in the Tax Court.  See sec. 6213(a).

B.    The Envelope Sent on September 3, 1999

On Friday, September 3, 1999, petitioner's attorney, J. Allen Reynolds III (Reynolds), and his secretary, Brenda Brown (Brown), prepared an airbill that Reynolds attached to a Federal Express Co., Inc. (FedEx)[1] envelope containing the petition at issue in this case.  An airbill is the standard multipart form completed by persons sending items via FedEx within the United States.  Reynolds addressed the airbill to:  "Clerk, United State [sic] Tax Court, 400 Second Street, NW, Washington, D.C. 20217".  That is substantially the correct name and is the correct street address, city, and ZIP code for this Court.

Reynolds and Brown marked the boxes on the airbill "FedEx Standard Overnight - Next Business Afternoon" and "Hold Saturday".  The "Hold Saturday" box is under the heading "For HOLD at FedEx Location check here".  Reynolds believed that, because he checked "FedEx Standard Overnight – Next Business Afternoon" and "Hold Saturday", FedEx would not deliver it to the Tax Court on Saturday, September 4, 1999, but would deliver it on Tuesday, September 7, 1999.  Reynolds deposited the envelope

---

[1]  FedEx is a private delivery service for purposes of sec. 7502(f) with respect to its FedEx Standard Overnight and FedEx Priority Overnight Service.  See Notice 99-41, 1999-2 C.B. 325. For simplicity, we assume that actions taken relating to preparation of the airbill and the sending of the petition were taken by J. Allen Reynolds III.

containing the petition with FedEx on Friday, September 3, 1999.

C.    FedEx Procedures for "Hold Saturday" Service

FedEx offers standard overnight service and priority overnight service.  Both of these services guarantee delivery the next business day for items sent from Nashville to Washington, D.C.

According to terms stated on the back of the recipient's copy of the September 3 airbill, the sender (i.e., Reynolds) agreed to be subject to the FedEx service guide.  The FedEx service guide states that if a package is marked "Hold Saturday", FedEx will hold it for Saturday pickup by the recipient at a FedEx location specified by the sender.

Reynolds addressed the September 3 airbill to the Tax Court; he did not specify a FedEx office to hold the item.  The FedEx service guide states that a sender who wants a package to be held for pickup must write on the airbill the address of the FedEx location where the package is to be held.  The airbill attached to the September 3 envelope states below the lines on which the sender writes the address of the recipient:  "(To 'HOLD' at FedEx location, print FedEx address here)".  Even though Reynolds used the Tax Court address (instead of a FedEx location), FedEx treated the envelope petitioner sent on September 3 as a "hold at location" shipment and did not deliver it.

The FedEx service guide states that Saturday "hold at location" service is not available for items sent by standard

overnight service. Reynolds marked the September 3 envelope for standard overnight service. An employee of FedEx changed the September 3 airbill to designate priority overnight service and thus make it eligible for Saturday hold at location service.

The FedEx service guide states that FedEx employees should make a reasonable attempt to notify the recipient of a hold at location shipment that FedEx is holding a package. If they cannot contact the recipient, they should then try to notify the sender. FedEx did not tell the Tax Court or Reynolds that it was holding the September 3 envelope.

If a package marked "Hold Saturday" does not contain the address of the FedEx location where it is to be held for pick up (as the September 3 envelope did not), FedEx internal operating procedures (not contained in the FedEx service guide) require its employees to write on the airbill the address of the FedEx office closest to the address of the recipient. FedEx did not write the address of a FedEx office on the airbill. FedEx internal operating procedures also provide that if a hold at location shipment is not picked up within 5 business days, the employees of FedEx shall contact the sender for instructions on what to do with the shipment. Even though the September 3 envelope was not picked up within 5 business days, FedEx did not call Reynolds or any of his employees.

D.  The September 16, 1999, Envelope

The following occurred on September 16, 1999:  (1) FedEx

returned the September 3 envelope to Reynolds; (2) Reynolds removed the petition from the September 3 envelope and placed it in a new FedEx envelope (the September 16 envelope). Reynolds also enclosed affidavits from Brown and himself; and (3) Reynolds deposited the September 16 envelope with FedEx for delivery to the Tax Court.

FedEx delivered the September 16 envelope to the Tax Court on September 17, 1999.

## Discussion

The issue raised by respondent's motion to dismiss is whether petitioner timely filed the petition. Resolution of this question depends on whether the envelope containing the petition was properly addressed within the meaning of section 7502(a)(2)(B). This is the first case in which we must decide whether a petition sent to the Court by a private delivery service under section 7502(f) was timely filed for purposes of section 7502(a)(2)(B).

A. Timely Mailing Is Timely Filing

To maintain an action in this Court, a taxpayer must file a timely petition. See sec. 6213. Failure to timely file prevents this Court from acquiring jurisdiction. See Estate of Cerrito v. Commissioner, 73 T.C. 896, 898 (1980); Stone v. Commissioner, 73 T.C. 617, 618 (1980).

A petition is timely if it is filed with the Court within 90 days after the notice of deficiency is mailed. See sec. 6213(a).

If a petition is filed after the expiration of the 90-day period, it is nevertheless deemed to be timely filed if the date of the U.S. postmark stamped on the envelope in which the petition was mailed is within the time prescribed for filing, see sec. 7502(a)(1), (c)(2); sec. 301.7502-1, Proced. & Admin. Regs., and if the envelope containing the petition is properly addressed and bears the proper postage, see sec. 7502(a)(2)(B). Section 7502 also applies if the taxpayer sends the petition using a private delivery service designated by the Commissioner, such as FedEx. See sec. 7502(f); Notice 99-41, 1999-2 C.B. 325.

B.  Analysis

Reynolds deposited the envelope containing the petition with FedEx on the 87th day after respondent mailed the notice of deficiency. The envelope bore the correct name, address, and ZIP code for this Court. FedEx held the envelope at a FedEx office rather than delivering it and later returned it to the sender. Petitioner's counsel promptly re-sent the petition with FedEx, and the petition was delivered to the Court on the 101st day after the notice of deficiency was sent.

1.  Petitioner's Use of Two Envelopes

We first consider whether the "timely mailing is timely filing rule" does not apply because the petition was delivered to the Court in an envelope mailed after the 90th day, and not in the envelope mailed on September 3.

Section 7502(a)(1) provides in pertinent part that "If any

* * * document required to be filed * * * on or before a prescribed date * * * is, after * * * such date, delivered * * * to the agency * * *, the date of the United States postmark stamped on the cover in which such return * * * or other document * * * is mailed shall be deemed to be the date of delivery".

Section 7502(a) requires that the envelope containing the petition be timely mailed to the Court.  Petitioner met this requirement because Reynolds timely sent the petition on September 3.  Section 7502(a) provides that "the date of the United States postmark stamped on the cover in which such return * * * or other document * * * is mailed" (emphasis added) shall be the date considered for purposes of the "timely mailing is timely filing" rule.  Section 7502(a) does not provide that the date of the U.S. postmark stamped on the cover in which the return or other document is received controls.  Thus, section 7502(a) does not require that the qualifying envelope (i.e., the envelope which was timely mailed, properly addressed, and bore the proper postage) be the envelope in which the petition is received; nor does section 7502(a) bar application of the "timely mailing is timely filing" rule if a petition contained in a properly addressed envelope (that otherwise meets the above requirements) is returned to, and remailed by, the taxpayer.

The petition in the instant case was mailed in two envelopes:  One on September 3 and one on September 16.  It is clear that, for purposes of section 7502(a), the envelope in

which the petition "is mailed" refers to the September 3 envelope, not the September 16 envelope. Surely a taxpayer would not prevail if the timely mailed envelope did not bear the correct postage but the second, untimely envelope did. For petitioner to qualify under section 7502(a), the September 3 envelope must have been timely sent, been properly addressed, and borne the correct postage. That is, the envelope must have complied with the requirements of section 7502(a). The September 3 envelope meets these requirements.

This reading of section 7502 is consistent with Price v. Commissioner, 76 T.C. 389, 391, 394 (1981). In Price, the petition contained in a timely mailed envelope was returned to the taxpayer, who remailed it in an outer envelope after the 90-day period. See id. We held that the inner envelope, postmarked by the Postal Service within the prescribed period but containing an incorrect ZIP code, was properly addressed. See id.[2] The original envelope in Price was mailed by certified mail. However, that fact is irrelevant here because the certified mail exception of section 7502(c)(2) establishes only that an envelope

---

[2]But cf. Cho v. Commissioner, T.C. Memo. 1992-5, which concluded that an original envelope that was returned to the taxpayer for insufficient postage and then remailed to the Court in another envelope was not "delivered" to the Court for purposes of sec. 7502. The facts of Cho are distinguishable from those of the instant case in that the original envelope in Cho did not meet the prepaid postage requirement of sec. 7502(a)(2).

has been timely mailed, a fact which is not in dispute in the instant case.

2.    Whether the September 3 Envelope Was Properly Addressed

Respondent contends that the envelope containing the petition was not properly addressed within the meaning of section 7502(a)(2)(B) because the September 3 airbill was marked "Hold Saturday".  Respondent points out that language on the back of the recipient's copy of the September 3 airbill states that the sender is responsible for correctly preparing the airbill. Respondent also contends that Reynolds' failure to correctly complete the airbill caused the petition to be filed late.

The FedEx airbill attached to the September 3 envelope containing the petition bore the correct name, address, and ZIP code of the Tax Court.  Reynolds paid the applicable FedEx charges, and he deposited the envelope with FedEx on September 3, 1999, 4 days before the last day for doing so.  He incorrectly checked the "Hold Saturday" box, but the "Hold Saturday" box was not part of the address of this Court.  An address for purposes of section 7502(a)(2)(B) is the location to which the petition is to be delivered.  It is well established that we give a statutory term its common and ordinary meaning unless persuasive evidence or context indicates otherwise.  See Commissioner v. Soliman, 506 U.S. 168, 174 (1993); Commissioner v. Brown, 380 U.S. 563, 570-572 (1965).  The term "address" has been generally defined to mean the designation of the place or location at which a person

or organization may be reached.  See American Heritage Dictionary 20 (2000).  Applying the common meaning of the term "address" to the facts of this case, we conclude that the "Hold Saturday" box on the FedEx airbill was not part of the address of this Court.

Respondent relies on cases in which we held that envelopes were not properly addressed which were addressed to courts other than the Tax Court, to the wrong street address and wrong city, or to a box number and ZIP code which had been changed.  See, e.g., Estate of Cerrito v. Commissioner, 73 T.C. 896 (1980); C. Frederick Brave, Inc. v. Commissioner, 65 T.C. 1001 (1976); Hoffman v. Commissioner, 63 T.C. 638 (1975); Axe v. Commissioner, 58 T.C. 256 (1972); Lurkins v. Commissioner, 49 T.C. 452 (1968).  Respondent's reliance on these cases is misplaced because the envelope containing the petition in this case was properly addressed to the Tax Court.

The fact that Reynolds checked "FedEx Standard Overnight - Next Business Afternoon" and that he did not list an address of a FedEx office to hold the envelope shows that Reynolds intended that FedEx promptly deliver the envelope to the Tax Court.  It is true that Reynolds misunderstood the meaning of "Hold Saturday" on the airbill.  However, we do not believe that his checking the "Hold Saturday" box or any of the events occurring after Reynolds deposited the September 3 envelope with FedEx, including his prompt remailing in a new envelope of the petition to this Court on September 16, 1999, prevent application of the familiar

"timely mailing is timely filing" rule here.  See sec. 7502(a), (f); see also <u>Price v. Commissioner</u>, <u>supra</u> at 390, 393-394 (the petition was timely filed where the original envelope in which it was sent by certified mail was returned as undeliverable to the sender, who re-sent it in a second envelope).  Instead, consistent with <u>Price v. Commissioner</u>, <u>supra</u> at 394, we find that the September 3 envelope, deposited with FedEx within the 90-day period, was properly addressed.

We conclude that the petition was timely sent and thus timely filed, and respondent's motion will be denied.

<u>An appropriate order</u>

<u>will be issued</u>.