PERRY SEGURA & ASSOCIATES, INC., PERRY AND EMMA L. SEGURA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Perry Segura & Associates, Inc. v. Commissioner
Docket Nos. 4033-74 and 4034-74.
United States Tax Court
T.C. Memo 1975-80; 1975 Tax Ct. Memo LEXIS 294; 34 T.C.M. (CCH) 406; T.C.M. (RIA) 750080; March 26, 1975, Filed Theodore L. Jones, for the petitioners. Joseph T. Chalhoub and R. E. Glanville, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petitions in these cases were filed more than 90 days after the mailing of the notice of deficiency, as provided by section 6213(a). [1]
In notices of deficiencies mailed on March 8, 1974, respondent determined the following deficiencies in petitioners' Federal income taxes and additions to the tax: Docket
Addition to tax Number
Year
Deficiency
Sec. 6643(a)
4033-74
1970 *
$111,920.14
$5,596.01
1971 *
$129,432.71
$6,471.64
4034-74
1970
$108,804.95
$5,440.25
1971
$173,977.42
$8,689.87
*296 The ninety day period for filing the petitions with this Court expired on June 6, 1974, which date was not a legal holiday in the District of Columbia. The petitions were received and filed by the Court on Monday, June 10, 1974, which was 94 days after the notices of deficiencies were mailed. When received, the petitions were in an official business envelope of the United States Post Office, Washington, D.C. 20013. This envelope was stamped "RECEIVED IN DAMAGED CONDITION - REWRAPPED IN THE POST OFFICE AT WASHINGTON, D.C. 20013." The original covering envelope with its postmark was destroyed or otherwise disposed of by the U.S. Postal Service. The only parts of the original mailing envelope which reached this Court were the address label prepared by a secretary of petitioners' counsel and the certified mail receipt (No. 953452), both of which were taped on the outside of the substituted envelope. On July 22, 1974, respondent filed a motion to dismiss both petitions for lack of jurisdiction alleging that they had not been timely filed. A hearing on respondent's motion was held in Washington, D.C. on September 11, 1974. The morning the motion was heard petitioners' counsel discovered *297 that the petitions had been received by the Court in an official business envelope of the U.S. Post Office with no postmark stamped thereon and that the original mailing envelope had been destroyed and was not a part of the Tax Court's files. Prior to the hearing, the petitioners' counsel filed an objection to the motion based upon facts supported by affidavits and relying upon the presence in the record of the original mailing envelope bearing a postmark of June 5, 1974. The affidavits show that this postmark had been placed on the cover of the original mailing envelope, containing the petitions herein, by a private postage meter of and by an employee of the law firm of which petitioners' counsel is a partner. At the hearing both parties were granted time to file seriatim briefs. According to affidavits filed by Michael A. McClelland, a clerk to petitioners' counsel, and Karen Benson, a secretary to such counsel, the petitions were placed in an envelope, a postmark was placed thereon by means of the firm's private postage meter, a certified mail sticker was affixed, and the envelope was then taken to the local post office where it was mailed at 6:30 p.m. These acts were done on *298 June 5, 1974, the 89th day after the mailing of the notices of deficiencies. Petitioners' counsel has the receipt for certified mail, but it is not postmarked. Two questions are presented for our decision. The first is whether petitioners may present extrinsic evidence to establish timely mailing where intervening acts of the U.S. Postal Service have destroyed the original postmarked envelope in which the petitions were mailed. The second question, which can be considered only if the first is answered affirmatively, is whether this Court has jurisdiction of these cases. The second question is one of fact to be determined from an examination of the record. . Section 6212(a) authorizes respondent, upon determination of a deficiency in Federal income tax, to send a notice of deficiency to the taxpayer. Section 6213, in turn, gives a taxpayer within the United States 90 days (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day) after the mailing of the statutory notice of deficiency to file a petition with this Court. We have previously held that we have no jurisdiction unless a *299 petition is filed within this period. ; , affd. (C.A. 9, 1964). Section 7502 provides that in certain cases timely mailing of a petition will be treated as timely filing. [2] Respondent contends that petitioners cannot avail themselves of this section since the envelope containing their petitions did not have a postmark when received by this Court. He cites , affd. without decision in open court, (C.A. 2, 1972); . *300 At the hearing petitioners offered a United States Postal Service Standards card showing that zip-coded first class mail should be delivered on the third day after mailing when sent to an addressee located more than 600 miles from the point of mailing. In addition, they also presented a letter from the Postmaster, Baton Rouge, Louisiana, 70821, dated November 7, 1974, stating that a certified letter mailed at 6:30 p.m. on June 5, 1974, would be delivered in Washington, D.C. on Friday, June 7, except where the mail is damaged in transit. The Postmaster notes therein that the processing of the damaged envelope through the re-wrap operation in the Washington Post Office probably accounted for the delivery of the petitions on Monday, June 10, 1974. [3]
*301 Respondent's regulations do not expressly cover a situation where a postmark is destroyed in the course of the mails. However, we are convinced that petitioners have presented sufficient evidence to satisfy the requirements of section 301.7502-1(c)(1) (iii)(b) which are (1) that the private postage meter postmark on the envelope or wrapper bear a date on or before the last date of the period prescribed for filing a petition with this Court and (2) that the petitions be received by this Court not later than a properly addressed and stamped envelope would be received had it been postmarked on the same date at the same point of origin by the U.S. Post Office. Furthermore, we note that section 7502(a)(1) requires only that the postmark be "stamped on the cover in which [the petitions were] mailed," and that the envelope be mailed within the statutory 90-day period. It does not require that the postmark survive a journey through the mail process. Cf. (C.A. 3, 1965). As the Court there noted: [To] hold otherwise would be to narrow the scope of section 7502(a) to a fortuitous application wholly dependent upon the care with *302 which postal employees affixed postmarks and thus unwarrantedly to defeat in part its remedial purposes. . The evidence presented by petitioners establishes that both petitions were deposited in the mail before the last day of the 90-day statutory period. Furthermore, we are convinced that any delay in their receipt by this Court was due to the time required for the Post Office rewrapping of the damaged original envelope in which the petitions were mailed. Admittedly, the risk of mailing is on the taxpayer. However, the risk to which the statute and regulations refer is the risk that the envelope containing the petition would not be postmarked before the 90th day, and not the risk that the postmarked envelope in which the document is mailed will be destroyed in transit. See section 301.7502-(1)(c)(1)(iii), Proced. and Admin. Regs., which reads in pertinent part: Accordingly the sender who relies upon the applicability of section 7502 assumes the risk that the postmark will bear a date on or before the last date, or the last day of the period, prescribed for filing the document, but see subparagraph *303 (2) of this paragraph with respect to the use of registered mail or certified mail to avoid this risk. [Emphasis supplied.] Additionally, section 301.7502-1(c)(2), Proced. and Admin. Regs., notes that: [The] risk that the document will not be postmarked on the day that it is deposited in the mail may be overcome by the use of registered mail or certified mail. [Emphasis supplied.] The underlined words have meaning and cannot be ignored. Moreover, the legislative history supports this interpretation. Both the House and Senate Reports note that section 7502 "applies in the case where documents (other than returns) are mailed to the proper office within the time prescribed by the internal revenue laws, as indicated by the postmark on the envelope, and are received by that office after such time has expired." [Emphasis supplied.] H. Rept. No. 1337, 83d Cong., 2d Sess., p. A434 (1954); S. Rept. No. 1622, 83d Cong., 2d Sess., p. 615 (1954). [4] See also the dissent of Judge Brown in (C.A. 5, 1957) at p. 177.
*304 Our holding on the first issue here is in accord with our position in , where we said at page 597: We are not holding that under no circumstances can the taxpayer come within section 7502(c)(2) without producing a timely and properly postmarked sender's receipt for certified mail, but we think the evidence in support of compliance must be more convincing than it is in this case. The key question in the instant case is whether there was a postmark on the original envelope mailed by petitioners to the Court, rather than no postmark on the envelope substituted by the U.S. Postal Service. By contrast, in Rappaport and Higby[5] no postmark appeared on the original mailing envelopes, and therefore both cases are clearly distinguishable. *305 The affidavits here establish to our satisfaction that the original mailing envelope bore a timely postmark, albeit one affixed by a private postage meter, and that the envelope was timely mailed. In addition, other evidence presented establishes that the petitions were received by the Court within the due course of the mails, even making no allowance for the delay necessitated by the Post Office's rewrapping of the petitions. Moreover, unlike Rappaport and , it is clear here that intervening acts of the United States Postal Service destroyed the original postmark upon which petitioners might have otherwise relied under the authority of relevant regulations and statutory provisions. For the reasons stated herein, we conclude that petitioners may present extrinsic evidence to establish that their petitions were timely mailed. We also conclude, based upon all the extrinsic evidence offered by petitioners, that their petitions were mailed within the statutory period in an envelope bearing a timely postmark. We have jurisdiction over both petitions. Accordingly, respondent's motion to dismiss these cases for lack of jurisdiction will be denied. *306 An appropriate order will be entered.
Footnotes
1. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
*. Fiscal year ending September 30. ↩
2. This section reads in pertinent part: General Rule-- (1) Date of Delivery-- If any * * * document required to be filed, * * * within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such * * * document is required to be filed * * * the date of the United States postmark stamped on the cover in which such * * * document * * * is mailed shall be deemed to be the date of delivery * * *. (2) Mailing requirements. -- This subsection shall apply only if -- (A) the postmark date falls within the prescribed period or on or before the prescribed date -- (i) for the filing * * * of the * * * document. And (B) the * * * document * * * was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency * * * or office with which the * * * document is required to be filed * * *.↩
3. It should be noted that the envelope was received by the Court at 8:24 a.m. on Monday, June 10, 1974. The Postmaster's letter also notes that certified mail can be postmarked after 4:30 p.m., when the windows at the Baton Rouge station close, if presented at the main office call window. However, it appears from the record that petitioners' counsel was not aware that this could be done. Finally, in a separate letter, the Postmaster indicated that he had no record of petitioners' counsel's law firm ever having used an improper meter date or being otherwise involved in other mailing irregularities. In this letter he also noted that correctly metered mail is not postmarked again by the post office.↩
4. It should be noted that both reports also indicate that since it is possible to predate postmarks where postage meters are used, section 7502(b) provides that a postmark not made by the U.S. Post Office shall be deemed to be the date of delivery "only to the extent permitted by regulations" promulgated by the Secretary of the Treasury or his delegate (the Commissioner of Internal Revenue). We have noted above that our decision is consistent with the regulations as promulgated and adopted.↩
5. In Rappaport, no postmark was affixed on the original mailing envelope as mailed and received by the Court; thus, we concluded that evidence showing that the envelope would have been postmarked within the 90-day period was inadmissible, and granted respondent's motion to dismiss for lack of jurisdiction. Similarly, in Higby the original mailing envelope, as received by the Court, also bore no postmark, CONTINUED and respondent's motion to dismiss was likewise granted. The situation here is more like that of Dyke Cullum,↩ Docket No. 4244-73, an unpublished memorandum sur order dated May 1, 1974. In that case we denied respondent's motion to dismiss for lack of jurisdiction and allowed petitioner an opportunity to present evidence that the postmark had been affixed to a large block of stamps which had been dislodged and lost in the course of the mails.