T.C. Memo. 2002-23

UNITED STATES TAX COURT

MARK ERNEST AND ESTHER RUBKE, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10015-01.          Filed January 22, 2002.

Mark Ernest and Esther Rubke, pro sese.

H. Clifton Bonney, Jr., for respondent.

MEMORANDUM OPINION

RUWE, Judge:  This case is before the Court on respondent's
Motion to Dismiss for Lack of Jurisdiction.  Respondent's motion
is based on the ground that the petition in this case was not
timely filed.  The Court held a hearing on respondent's motion.

On May 3, 2001, respondent mailed petitioners a notice of
deficiency for their taxable year 1996.  The 90-day period for

filing a petition with this Court expired on August 1, 2001.[1] The petition was received and filed by this Court on August 10, 2001, 99 days after the mailing of the notice of deficiency.[2]

The petition was mailed to the Court in a properly addressed envelope bearing a privately metered postmark dated August 1, 2001, and showing the point of origin as Oakland, California. Affixed to the envelope is a certified mail sticker. Neither the envelope nor the certified mail sticker bears any U.S. Postal Service postmark. Additionally, the sender's receipt does not contain a U.S. Postal Service postmark.

Respondent contends that this case should be dismissed because the petition was not filed within the time prescribed by section 6213(a) or section 7502.[3] Petitioners claim that their petition is timely because the envelope containing the petition bears a timely postmark date and is properly addressed with the correct postage.

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a

---

[1]Aug. 1, 2001, was a Wednesday and was not a legal holiday in the District of Columbia.

[2]Aug. 10, 2001, was a Friday and was not a legal holiday in the District of Columbia.

[3]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

timely filed petition.  Rule 13(a); <u>Monge v. Commissioner</u>, 93 T.C. 22, 27 (1989); <u>Abeles v. Commissioner</u>, 91 T.C. 1019, 1025 (1988); <u>Normac, Inc. v. Commissioner</u>, 90 T.C. 142, 147 (1988). Ordinarily, a petition for redetermination of a deficiency must be filed with this Court within 90 days from the mailing of the notice of deficiency.  Sec. 6213(a).  The failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction.  <u>Estate of Rosenberg v. Commissioner</u>, 73 T.C. 1014, 1016-1017 (1980).

Section 7502 and the regulations thereunder provide that, in certain circumstances, a timely mailed petition will be treated as though it were timely filed.  Section 301.7502-1(c)(2), Proced. & Admin. Regs., provides:

> If the document * * * is sent by U.S. certified mail and the sender's receipt is postmarked by the postal employee to whom the document * * * is presented, the date of the U.S. postmark on the receipt is treated as the postmark date of the document.  Accordingly, the risk that the document will not be postmarked on the day that it is deposited in the mail may be eliminated by the use of * * * certified mail.

In the instant case, petitioners sent their petition by certified mail.  However, the regulation does not apply because the sender's receipt[4] was never presented to any postal employee and

---

[4]A sender's receipt to which sec. 301.7502-1(c)(2), Proced. & Admin. Regs., refers is part of a certified mail form.  <u>Denman v. Commissioner</u>, 35 T.C. 1140, 1142 (1961); <u>Brown v. Commissioner</u>, T.C. Memo. 1982-165.  The receipt is filled in by the sender, and, upon request, it will be postmarked by the
(continued...)

was not postmarked.   See <u>Denman v. Commissioner</u>, 35 T.C. 1140, 1144 (1961); <u>Peterson v. Commissioner</u>, T.C. Memo. 2001-11; <u>Brown v. Commissioner</u>, T.C. Memo. 1982-165.   In this circumstance, petitioners cannot avail themselves of the safe harbor provided by the use of certified mail.

Section 7502(a) provides that if the envelope or wrapper containing the petition bears a timely postmark made by the U.S. Postal Service, and certain other requirements are met, the postmark date will be deemed the filing date.   However, where the postmark is not made by the U.S. Postal Service, the timely mailing/timely filing rule shall apply "only if and to the extent provided by regulations prescribed by the Secretary."   Sec. 7502(b).

Where the postmark in question is made by a private postage meter, section 301.7502-1(c)(1)(iii)(B), Proced. & Admin. Regs., applies.   This regulation provides that privately metered mail qualifies for the timely mailing rule of section 7502 if the postmark bears a timely date and the document is received no

---

⁴(...continued)
postal employee and returned to the sender at the time of mailing.  <u>Denman v. Commissioner</u>, <u>supra</u>; <u>Brown v. Commissioner</u>, <u>supra</u>.  Certified mail does not have to be processed by a postal employee prior to mailing.  <u>Brown v. Commissioner</u>, <u>supra</u>.  If a sender does not desire to have his receipt postmarked, he can attach the certified mail sticker to the article to be mailed, retain the sender's receipt with whatever entries he wishes to make on it, and place the article in a postal collection box. <u>Denman v. Commissioner</u>, <u>supra</u> at 1143; <u>Brown v. Commissioner</u>, <u>supra</u>.

later than the time ordinarily required for the delivery of a document postmarked at the same point of origin by the U.S. Post Office on the last day for its filing. If such document is not delivered within such time, a taxpayer seeking to rely on the timely mailing/timely filing rule must establish that the document was actually deposited in the mail on or before the last date prescribed for filing, that the delay in delivery was attributable to delay in the transmission of the mail, and the cause of the delay. Lindemood v. Commissioner, 566 F.2d 646, 648-649 (9th Cir. 1977), affg. per curiam T.C. Memo. 1975-195; Fishman v. Commissioner, 51 T.C. 869, 872-873 (1969), affd. per curiam 420 F.2d 491 (2d Cir. 1970); sec. 301.7502-(c)(1)(iii)(B), Proced. & Admin. Regs.

In the instant case, the petition was received by the Court 9 days after the last date prescribed for filing. Since the privately metered postmark on the envelope is August 1, 2001, the last date prescribed for filing, the petition will be deemed timely under the regulations if it was received within the time that mail of the same class would ordinarily be received if mailed on that date from the same point of origin. The point of origin for these purposes is Oakland, California. Whether a petition has been received within the normal mailing period is a factual question, and petitioners bear the burden of proving that the 9-day delivery time is within the normal mailing period for

mail sent from Oakland, California, to Washington, D.C. See

Stotter v. Commissioner, 69 T.C. 896, 898 (1978); Fishman v.

Commissioner, supra at 873 (1969); Chang v. Commissioner, T.C.

Memo. 1998-298; Castro v. Commissioner, T.C. Memo. 1994-530.[5]

Petitioners claim that they relied on statements in the

notice of deficiency that a petition will be considered timely

filed if the postmark date on the envelope containing the

petition falls within the prescribed 90-day period. Petitioners

contend that they mailed their petition on August 1, 2001, and

that certified mail takes longer to deliver than regular mail.

Petitioners introduced no evidence to establish the normal

delivery time for mail sent from Oakland, California, to

Washington, D.C. They have not produced evidence in support of

their contention that certified mail takes longer to deliver than

noncertified mail or otherwise demonstrated that a 9-day delivery

time is within the normal mailing period.[6] Thus, petitioners

_____

[5]In certain circumstances, if the taxpayer introduces
credible evidence with respect to any factual issue relevant to
ascertaining the proper tax liability, sec. 7491 places the
burden of proof on respondent. Sec. 7491(a); Rule 142(a)(2).
Sec. 7491 is effective with respect to court proceedings arising
in connection with examinations commencing after July 22, 1998.
Internal Revenue Service Restructuring and Reform Act of 1998,
Pub. L. 105-206, sec. 3001(c)(2), 112 Stat. 726. Petitioners do
not contend, nor is there evidence, that their examination
commenced after July 22, 1998, or that sec. 7491 applies in this
case.

[6]At the hearing, respondent attempted to introduce into
evidence a declaration from a U.S. postal employee as to the
(continued...)

have not established that their petition was received no later than the time ordinarily required for the delivery of a petition postmarked at the same point of origin by the U.S. Post Office on the last day for its filing.[7]  Accordingly, petitioners' petition will be deemed untimely unless they can establish that the petition was actually deposited in the mail on or before August 1, 2001, that the delay in delivery was attributable to delay in the transmission of the mail, and the cause of the delay.

---

[6](...continued)
normal delivery time for mail sent from Oakland, California, to Washington, D.C.  We sustained petitioners' hearsay objection to the declaration.

[7]We note that case law indicates that a 9-day delivery time has not historically been within the normal mailing period for mail sent from Oakland, California to Washington, D.C.  See, e.g., Lindemood v. Commissioner, 566 F.2d 646, 647 (9th Cir. 1977) (normal delivery time from San Francisco, California, to Washington, D.C., is 3 days for first class mail), affg. per curiam T.C. Memo. 1975-195; Kirschenbaum v. Commissioner, T.C. Memo. 2001-102 (normal delivery time from Tarzana, California, to Washington, D.C., is 3-5 days); Fujioka v. Commissioner, T.C. Memo. 1999-316 (citing Lindemood v. Commissioner, supra, for proposition that normal delivery time from San Francisco, California, to Washington, D.C., is approximately 3 days); Chang v. Commissioner, T.C. Memo. 1998-298 (normal delivery time from San Jose, California, to Washington, D.C., is 3 days for first class mail and 5-7 days for third class mail); Koenig v. Commissioner, T.C. Memo. 1998-215 (document received 8 days after postage meter date exceeded normal mailing time when mailed from Santa Cruz, California, to Washington, D.C.), affd. without published opinion 221 F.3d 1348 (9th Cir. 2000); Gomez v. Commissioner, T.C. Memo. 1996-561 (normal delivery time from Los Angeles, California, to Washington, D.C., is 3 days); Berdell v. Commissioner, T.C. Memo. 1991-529 (parties agreed that normal mailing time from California to Washington, D.C., was 3 days).

Petitioners have not argued or presented evidence that there was a delay in delivery attributable to delay in the transmission of the mail, and the cause of the delay. Consequently, petitioners have failed to establish that they qualify for the timely mailing/timely filing rule of section 7502. Accordingly, we hold that the petition was not timely filed.

<u>An appropriate order of dismissal for lack of jurisdiction will be entered</u>.