T.C. Memo. 2009-241

UNITED STATES TAX COURT

DEARON AND ROCHELLE L. MADDOX, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1809-09.                    Filed October 26, 2009.

<u>Allan C. Miles</u>, for petitioners.

<u>Matthew A. Williams</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent moved to dismiss this case on the ground that the petition was not filed within 90 days of the mailing of the notice of deficiency.  Petitioners counter that the petition was timely mailed even though not received by the Court within the 90-day period.  We must decide whether the petition was timely mailed.

All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

## Background

Respondent, on October 7, 2008, mailed a notice of deficiency to petitioners for tax years 2005, 2006, and 2007. A petition signed by petitioners' attorney, Allan C. Miles (Attorney Miles), and dated December 17, 2008, was received and filed by this Court on January 23, 2009, which was 108 days after the mailing of the notice of deficiency. The envelope in which the petition was received was properly addressed to this Court and had sufficient postage. The U.S. Postal Service (USPS) cancellation stamps appear on the envelope, but the exact date of cancellation is illegible. January 5, 2009, was the 90th day after the mailing of the notice of deficiency. On March 11, 2009, respondent's motion to dismiss for lack of jurisdiction was filed.

Attorney Miles "mailed" the petition by placing it in the mailroom in his office building before 4 p.m. on Friday, January 2, 2009. The mailroom was locked, and only building tenants and the USPS had access. The outgoing mail was placed in a USPS basket. Each weekday, Monday through Friday, the USPS would pick up the mail at approximately 4 p.m. On Saturdays the pickup was at approximately 12 p.m.

## Discussion

A Tax Court petition must be filed within 90 days after the notice of deficiency is mailed. Sec. 6213(a). In this case the 90th day fell on January 5, 2009. If a petition is received by the Court after the 90-day period, then the postmark date, if timely, can be deemed the date of delivery. Sec. 7502. Normally, the postmark placed on the envelope in which the petition has been mailed is accepted as evidence of timely mailing and hence timely filing. In this case, however, the postmark is illegible, and accordingly, petitioners have the burden of proving that their petition was mailed on or before January 5, 2009. See sec. 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs.

This Court's jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Levitt v. Commissioner, 97 T.C. 437, 441 (1991). Section 6213(a) provides that a petition for redetermination of a deficiency determined by the Commissioner is timely filed if it is filed within 90 days after a notice of deficiency is mailed (or 150 days if the notice is mailed to a taxpayer outside the United States). Petitioners' petition was received by the Court on January 23, 2009. The 90-day period had expired on January 5, 2009. A petition received

and filed by the Court after the expiration of the 90-day period may be deemed timely filed if it was timely mailed.

The general rule is that the date of a USPS postmark, if within the 90-day period, is deemed to be the delivery date. Sec. 7502(a). For this general rule to apply, however, a taxpayer must have mailed the document at issue in a properly addressed envelope, postage prepaid, and postmarked by the USPS within the prescribed period or on or before the last date for the filing, including any extensions granted for filing. See sec. 301.7502-1(c)(1), Proced. & Admin. Regs.

The Court did not receive the envelope in which the petition was mailed until 18 days after the expiration of the 90-day period for filing. Because petitioners' petition was received and filed outside the prescribed period, bearing an illegible USPS postmark, it will be deemed timely filed only if petitioners can show the date that the postmark was made and that the date was within the 90-day period.

It is well established in this Court that a taxpayer may establish the date of mailing a petition if the postmark date is illegible or missing. Mason v. Commissioner, 68 T.C. 354 (1977); Sylvan v. Commissioner, 65 T.C. 548 (1975). Extrinsic evidence may be used to prove timely mailing of a document.

Petitioners have shown by credible testimony that the envelope containing the petition was placed in the USPS mail

before the expiration of the 90-day period.  They have also shown that the envelope was postage prepaid and had a USPS cancellation.  The record also reveals that the envelope was received by the Court and that the petition was filed. Accordingly, petitioners have shown that the petition was timely placed in the USPS mail and timely postmarked (albeit illegibly). See Mason v. Commissioner, supra at 356-357.

Respondent attempted to offer an affidavit of a USPS employee that purported to explain "normal" delivery times for USPS mail.  The Court sustained petitioners' objection to the affidavit on hearsay grounds and because petitioners would not be able to cross-examine the affiant.  Accordingly, we conclude that the petition was timely postmarked and timely mailed and, hence, timely filed.

To reflect the foregoing,

An order will be issued denying respondent's motion to dismiss for lack of jurisdiction.