T.C. Memo. 2010-220

UNITED STATES TAX COURT

MICHAEL W. AND LINDA M. VAN BRUNT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26859-09.                    Filed October 7, 2010.

<u>Michael B. Nelson</u> and <u>David M. Fogel</u>, for petitioners.

<u>Kimberly A. Kazda</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This matter is before the Court on
respondent's motion to dismiss for lack of jurisdiction on the
ground that the petition was not filed within the time prescribed
by section 6213(a) or section 7502.[1]

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

## Background

At the time the petition was filed, petitioners resided in California.

On May 12, 2009, respondent mailed a notice of deficiency to petitioners for tax years 2005, 2006, and 2007. Petitioners filed the petition on November 12, 2009, 184 days after the notice of deficiency was mailed. On February 18, 2010, respondent filed a motion to dismiss for lack of jurisdiction because the petition was not filed or postmarked within the 90-day period after the notice of deficiency was mailed. See secs. 6213(a), 7502. Petitioners argue that they timely mailed the petition on August 10, 2009, but the Court received it late because the U.S. Postal Service (USPS) severely damaged the envelope in which the petition was mailed, rendering it undeliverable. On November 3, 2009, nearly 3 months after the envelope was mailed, it was returned to petitioners' attorney, who then promptly mailed a new copy of the petition to the Court. A hearing on this matter was held on May 10, 2010, in San Francisco, California.

At the hearing petitioners submitted two affidavits to support their arguments. One was an affidavit from petitioners' attorney, Michael Nelson (Mr. Nelson), and the other was an affidavit of Mukesh Patel (Mr. Patel), the coowner of the United

Parcel Service, Inc. (UPS) store in San Ramon, California, from which Mr. Nelson mailed the petition.

According to Mr. Nelson's affidavit, which we find credible, on the morning of August 10, 2009, he took the envelope containing the petition to the UPS store, affixed a properly addressed certified mailing label to the envelope,[2] and paid $5.88 in cash for proper postage.[3]  He then left the envelope with a UPS employee with the understanding that it would be postmarked the same day.  Mr. Nelson recorded this transaction in the contemporaneously updated postage log that he maintains for all client mailings.[4]  Mr. Patel's affidavit, which we also find credible, states that Mr. Nelson delivered the envelope to the UPS store on August 10, 2009, and that the USPS picked up the envelope the same day.

On November 3, 2009, the USPS returned the envelope to Mr. Nelson in severely damaged condition.  The mailing label that had been attached to the envelope had been torn off during processing

---

[2]  According to Mr. Nelson's affidavit, he addressed the envelope to:  Office of the Clerk of the Court, United States Tax Court, 400 Second Street, N.W., Washington, DC 20217.

[3]  Petitioners' attorney was unable to find the certified mail receipt.

[4]  Mr. Nelson tracks the following data in his postage log: (1) Date of mailing; (2) client; (3) description of the item mailed; (4) method of postage; and (5) shipping cost.  According to the entry dated Aug. 10, 2009, Mr. Nelson mailed the petition in this case via certified mail and paid $5.88 for postage.

by the USPS. The right half of the envelope, where the postmark typically appears, had been completely torn off. Mr. Nelson's return address label, however, which was affixed to the upper lefthand portion of the envelope, was not damaged. The portion of the envelope that was returned to Mr. Nelson was stamped with the following notation: "RETURNED FOR BETTER ADDRESS". What remained of the envelope and its contents was encased in a clear plastic wrap with a red sticker that states: "WE'RE SORRY THAT YOUR ARTICLE WAS DAMAGED DURING PROCESSING." The petition, which is dated August 9, 2009, was nearly torn in half.

In a letter dated November 4, 2009, Tracy Liu (Ms. Liu), a USPS employee, apologized for the damage caused during processing and explained that the envelope was returned to Mr. Nelson for a "better address".

On November 6, 2009, Mr. Nelson mailed a new copy of the petition along with the original damaged envelope and its contents to the Court. As stated above, the petition was filed on November 12, 2009, 184 days after the notice of deficiency was mailed.

### Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). This Court's jurisdiction to redetermine a deficiency depends on the

issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c); <u>Monge v. Commissioner</u>, 93 T.C. 22, 27 (1989); <u>Normac, Inc. v. Commissioner</u>, 90 T.C. 142, 147 (1988).

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail.  The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date that the notice of deficiency is mailed to file a petition with this Court for a redetermination of the contested deficiency.  Sec. 6213(a).

By virtue of section 7502, a petition that is timely mailed is deemed to be timely filed.  Although timely mailing is generally determined by the postmark date, see sec. 7502(a); sec. 301.7502-1(c)(1), Proced. & Admin. Regs., extrinsic evidence is admissible to prove the date of mailing if a postmark date is illegible or destroyed, see <u>Mason v. Commissioner</u>, 68 T.C. 354, 355-356 (1977); <u>Sylvan v. Commissioner</u>, 65 T.C. 548 (1975); <u>Maddox v. Commissioner</u>, T.C. Memo. 2009-241.  The burden is on the taxpayer to produce sufficient credible evidence that the petition was timely mailed.  See <u>Mason v. Commissioner</u>, <u>supra</u> at 356; <u>Maddox v. Commissioner</u>, <u>supra</u>; <u>Perry Sequra & Associates, Inc. v. Commissioner</u>, T.C. Memo. 1975-80; see also sec. 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs. ("If the postmark on the envelope is made by the U.S. Postal Service but is not legible,

the person who is required to file the document or make the payment has the burden of proving the date that the postmark was made."). In determining whether the "timely mailing is timely filing" rule applies, we look to the date the original envelope was mailed. See Price v. Commissioner, 76 T.C. 389, 391 (1981); Estate of Cranor v. Commissioner, T.C. Memo. 2001-27 ("section 7502(a) does not require that the qualifying envelope (i.e., the envelope which was timely mailed, properly addressed, and bore the proper postage) be the envelope in which the petition is received; nor does section 7502(a) bar application of the 'timely mailing is timely filing' rule if a petition contained in a properly addressed envelope (that otherwise meets the above requirements) is returned to, and remailed by, the taxpayer.").

The evidence establishes that Mr. Nelson delivered the envelope containing the petition to the UPS store on the morning of August 10, 2009, for pickup by the USPS later that day. Mr. Patel confirmed that Mr. Nelson left the envelope at the UPS store in the morning and the USPS picked it up later in the day on August 10, 2009. Mr. Nelson's postage log, which we find credible, also provides contemporaneously recorded details (e.g., date of mailing, method of postage, cost) establishing that Mr. Nelson mailed the petition on August 10, 2009. Finally, we note that the original petition was dated August 9, 2009, exactly 1 day before the deadline for timely filing.

In light of all the evidence in the record, we find that petitioners have established that the envelope was postmarked on August 10, 2009, thus timely filed.  Consequently, respondent's motion will be denied.

To reflect the foregoing,

<u>An order will be issued</u>
<u>denying respondent's motion</u>
<u>to dismiss for lack of</u>
<u>jurisdiction</u>.