T.C. Memo. 2011-258

UNITED STATES TAX COURT

WILLIAM J. QUARTERMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22007-10.                    Filed November 1, 2011.

P mailed his petition using the registered airmail
service of a foreign country on Sept. 27, 2010, the
145th day after the mailing of a notice of deficiency
to an address in the foreign country where P resides.
The envelope in which the petition was mailed to the
Court, which did not bear a postmark made by the U.S.
Postal Service, entered the domestic mail service of
the United States no later than Oct. 4, 2010, the last
day of the filing period. The petition was received by
the Court early the next morning.

    <u>Held</u>: The petition was timely filed, and the
Court has jurisdiction to hear P's case.

William J. Quarterman, pro se.

<u>Anne M. Craig</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  By Order Of Dismissal For Lack Of Jurisdiction entered June 24, 2011, the Court dismissed this case on the ground that the petition was not timely filed.  The case is now before us on petitioner's motion filed July 19, 2011, to vacate the order of dismissal.

At the time that the petition was filed, petitioner resided in the Federal Republic of Germany.

## Background

By notice dated May 4, 2010, respondent determined deficiencies in, and accuracy-related penalties on, petitioner's Federal income taxes as follows:

| Year | Deficiency | Sec. 6662(a) Penalty |
|------|-----------|----------------------|
| 2006 | $4,626.00 | $  925.20 |
| 2007 | 5,105.00 | 1,021.00 |
| 2008 | 6,700.00 | 1,340.00 |

The notice of deficiency was addressed to petitioner in Wiernsheim, Germany.  The first page of the notice states as follows:  "Last Date to File a Petition With the United States Tax Court: Oct 01, 2010".  That date, which was a Friday, was the 150th day after May 4, 2010, the date of the notice.

The notice of deficiency was sent to petitioner by registered mail.  Although the notice was dated May 4, 2010, it was not mailed until the following day, May 5, 2010.  The 150th day after May 5, 2010, was October 2, 2010, which was a Saturday.

Petitioner received the notice of deficiency at the address to which it was sent. Thereafter, petitioner mailed a petition to this Court seeking a redetermination of the deficiencies and penalties determined by respondent in the notice. The petition, which was delivered to the Court by the U.S. Postal Service, was received by the Court's intake section at 8:04 a.m. on Tuesday, October 5, 2010, and filed that day.

The envelope in which the petition was mailed (hereinafter, the envelope) indicates that it originated in Germany and was sent by Deutsche Post registered airmail. The envelope bears a clearly legible Deutsche Post postmark date of September 27, 2010. The Deutsche Post registered mail sticker on the front of the envelope includes a bar code, a mobile tag, and a 13-character alphanumeric identifier (hereinafter, the tracking number). The envelope does not bear a U.S. Postal Service postmark.

In the petition, petitioner expressly references the May 4, 2010 notice of deficiency, and he attached a complete copy of the notice to his petition as an exhibit.

On November 8, 2010, respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by law; thereafter respondent supplemented his motion and provided a U.S. Postal Service Form 3877, certified mail list, demonstrating the mailing of the

notice of deficiency on May 5, 2010.  The Court then directed petitioner to respond to respondent's motion.  However, no objection or other response was received.  Accordingly, on June 24, 2011, the Court entered an Order Of Dismissal For Lack Of Jurisdiction, granting respondent's motion, as supplemented, and dismissing the case for lack of a timely-filed petition.

On July 19, 2011, petitioner filed his motion to vacate the Court's order of dismissal.  Petitioner attached to his motion a copy of a reply dated November 29, 2010, objecting to the granting of respondent's motion to dismiss that petitioner had mailed to the Court from Germany on November 29, 2010. (Unfortunately, as previously stated, petitioner's reply was never received by the Court.)

The aforementioned reply includes a naked allegation that the tracking number appearing on the envelope "was traced to New York on 29 September 2010."  This allegation prompted the Court to issue an Order dated July 26, 2011, that directed petitioner to supplement his motion to vacate and provide supporting documentation.

On August 30, 2011, petitioner filed a Supplement to his motion to vacate, attaching as an exhibit a personal letter dated August 9, 2011, addressed to him from a representative of Deutsche Post.  The letter references a telephone conversation with petitioner's wife and goes on to state that the envelope was

dispatched from the international mail center in Frankfurt[1] on September 28, 2010, and received by the U.S. Postal Service in New York on September 29, 2010.

On September 19, 2011, respondent filed an Objection to petitioner's motion, as supplemented. Respondent objects on grounds of hearsay to that part of the August 9, 2011 Deutsche Post letter regarding receipt by the U.S. Postal Service of the envelope in New York on September 29, 2010. Respondent also cites Boultbee v. Commissioner, T.C. Memo. 2011-11, a case involving a petition sent to the Court by registered airmail that originated in Canada. There we treated U.S. Postal Service Track & Confirm data as "tantamount to, and/or the functional equivalent of, a U.S. Postal Service postmark."[2] Respondent distinguishes Boultbee on the ground that Track & Confirm data from the U.S. Postal Service in the instant case does not demonstrate when the envelope entered the domestic mail service of the United States.[3]

---

[1] Presumably, Frankfurt am Main and not Frankfurt an der Oder.

[2] Respondent notes in his Objection that he "disagrees with the Court's holding in Boultbee to the extent the Court in that case did not require the United States Postal Service postmark to be on the cover in which the petition was mailed."

[3] The online U.S. Postal Service Track & Confirm feature is available at http://www.usps.com/. Although that feature is responsive to the Deutsche Post tracking number, no relevant information is provided.

Discussion

The Tax Court is a court of limited jurisdiction, see sec. 7442, and we may exercise our jurisdiction only to the extent authorized by Congress.[4] Naftel v. Commissioner, 85 T.C. 527, 529 (1985). This Court's jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and the timely filing of a petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. The taxpayer, in turn, has 90 days, or 150 days if the notice is addressed to a person outside of the United States, from the date that the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

Although the notice of deficiency is dated May 4, 2010, respondent readily admits (and the evidence clearly demonstrates) that the notice was not mailed until the following day, i.e., May 5, 2010. Because the notice was addressed to a person outside of the United States, the 150-day filing period applies. See sec. 6213(a). The 150th day after May 5, 2010, was October 2, 2010. Because this date was a Saturday, the time to file was extended to

---

[4] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended; all Rule references are to the Tax Court Rules of Practice and Procedure.

Monday, October 4, 2010, which was not a legal holiday in the District of Columbia.[5]  See sec. 7503; Rule 25(b).  However, as previously stated, the petition was not received by the Court until Tuesday, October 5, 2010, at 8:04 a.m.

By virtue of section 7502(a), a petition that is timely mailed is, in certain circumstances, deemed to be timely filed. Specifically, section 7502(a)(1) provides that "the date of the United States postmark stamped on the cover in which such * * * document * * * is mailed shall be deemed to be the date of delivery".  Thus, the U.S. postmark date appearing on the envelope containing a petition must be timely; that is, the postmark date must fall within the applicable 90-day or 150-day period. Although timely mailing is generally determined by the U.S. Postal Service postmark date, see sec. 7502(a); sec. 301.7502-1(c)(1), Proced. & Admin. Regs., extrinsic evidence is admissible if a U.S. Postal Service postmark date is either illegible or missing, see Mason v. Commissioner, 68 T.C. 354 (1977); Sylvan v. Commissioner, 65 T.C. 548 (1975).

The provisions of section 7502 generally contemplate that an envelope is deposited with the domestic mail service of the U.S.

---

[5] The statement in the notice of deficiency that Oct. 1, 2010, was the last day to file a petition was obviously based on the assumption that the notice would be mailed on May 4, 2010. Because the notice was not mailed on that day, the statement is inaccurate and of no consequence.

Postal Service.[6]  Sec. 7502(a)(2)(B); cf. sec. 7502(f) regarding private delivery services, such as DHL, FedEx, and UPS.  A document is deposited in the mail in the U.S. when it is deposited with the domestic mail service of the United States Postal Service.  Sec. 301.7502-1(c)(1)(ii), Proced. & Admin. Regs.  With regard to foreign registered mail, section 752.13 of the U.S. Postal Service International Mail Manual states as follows:  "All mail registered by the country of origin must be handled in the domestic First-Class Mail mailstream from the exchange office to the office of delivery."  Thus, once foreign registered mail arrives at the exchange office in the United States, such mail is considered to have been deposited with the domestic mail service of the U.S. Postal Service for eventual delivery to its destination address in the United States.

Petitioner mailed his petition from Germany using the registered airmail service of Deutsche Post on September 27, 2010, the 145th day after the notice of deficiency was mailed to him.  A Deutsche Post postmark of September 27, 2010, appears on the front of the envelope.  No U.S. Postal Service postmark is stamped on

---

[6] Sec. 7502(b) provides that sec. 7502 "shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations".  The regulations provide at sec. 301.7502-1(c)(1)(ii), Proced. & Admin. Regs., that "Section 7502 does not apply to any document * * * that is deposited with the mail service of any other country."  In other words, foreign postmarks, even those of a sovereign postal service, are not controlling.

the envelope, nor does the U.S. Postal Service Track & Confirm feature reveal when the envelope was received by the Postal Service exchange office in the United States. However, in view of the fact that the envelope was clocked in by the Court's Intake Section at 8:04 a.m. on Tuesday, October 5, 2010, it follows perforce (and not by conjecture or through evidence aliunde) that the petition must have been deposited with the domestic mail service of the U.S. Postal Service no later than Monday, October 4, 2010.[7] See Sylvan v. Commissioner, supra at 551 ("It is impossible for an item to arrive via mail early in the morning on the same day it is mailed"); cf. Lundy v. Commissioner, T.C. Memo. 1997-14.[8]

---

[7] See Boultbee v. Commissioner, T.C. Memo. 2011-11, distinguishing cases in which the petitions, all mailed from foreign countries, did not enter the domestic mail service of the U.S. before the expiration of the 150-day filing period.

[8] Lundy involved a notice of deficiency that lacked a date sufficient to advise the taxpayer of the 90-day filing deadline. As relevant to the instant case, we stated as follows:

> The notice of deficiency was delivered by the U.S. Postal Service to petitioner on Saturday, March 30, 1996. Given that the date of delivery is known, it follows that the notice of deficiency must have been mailed at least one day prior to its delivery to, and receipt by, petitioner. When petitioner received the notice of deficiency on March 30, 1996 (delivered by the U.S. Postal Service) it would have been unreasonable for him to assume a mailing date later than March 29, 1996, the date prior to delivery. * * * [Emphasis added.]

In sum, given the absence of a U.S. Postal Service postmark, and in view of the fact that the record demonstrates that the envelope was deposited with the domestic mail service of this country's postal service no later than the last day of the relevant filing period, we hold that the petition is deemed to have been timely filed and that we therefore have jurisdiction to proceed with this case.

To give effect to the foregoing,

<u>An order will be issued granting petitioner's motion to vacate, as supplemented</u>.