T.C. Memo. 2013-33

UNITED STATES TAX COURT

EARL D. GLENN AND CAROLYN J. GLENN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19606-11.                    Filed February 4, 2013.

<u>Larry D. Anderson</u>, for petitioners.

<u>Peter T. McCary</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This matter is before the Court on respondent's motion to
dismiss for lack of jurisdiction.  The issue presented by respondent's motion is

[*2] whether petitioners filed their petition within the time prescribed by sections 6213(a)[1] and 7502.

## Background

Petitioners resided in Georgia when they filed their petition.

On May 11, 2011, respondent issued a notice of deficiency to petitioners and sent it by certified mail to petitioners' last known address. Accordingly, August 9, 2011, was the last date on which petitioners could file a petition with this Court with respect to the notice of deficiency.

Petitioners retained Attorney Julie M.T. Walker to file their petition. Ms. Walker received her bachelor of arts degree from Hampshire College in 1977, her juris doctor degree from Howard University School of Law in 1980, and her master of laws degree in taxation from Emory University School of Law in 1984. From October 6, 1980, through May 4, 1998, Ms. Walker was employed as an attorney by respondent's Office of District Counsel in Atlanta, Georgia. From May 5, 1998, through December 31, 2005, Ms. Walker served as a full-time judge on the City Court of Atlanta. In April 2006 Ms. Walker started a solo law practice.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at the time the petition was filed, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** Ms. Walker prepared the petition and various associated documents on August 6, 2011 (collectively, petition). At the same time, Ms. Walker also prepared a duplicate petition for the Court to return "filed stamped" to her at her business address. Ms. Walker prepared two envelopes. On one envelope Ms. Walker placed a destination address label addressed to the Clerk of this Court and a return address label addressed to her business address (petition envelope). On the other envelope Ms. Walker placed destination and return address labels addressed to her business address (self-addressed envelope).

On August 9, 2011, Ms. Walker took the petition envelope, which contained the petition, and the self-addressed envelope, which contained the duplicate petition, to the Atlanta Civic Center Station Post Office (Civic Center Post Office). Ms. Walker placed a mailing label addressed to this Court on the receipt portion (sender's receipt) of a PS Form 3800, Certified Mail (certified mail form), a mailing label addressed to this Court and the article number from the certified mail form onto the front of a PS Form 3811, Domestic Return Receipt (return receipt), and a mailing label addressed to her business address on the reverse side of the return receipt.

**[*4]**  Ms. Walker then entered into a mailing transaction with Serge Gregoire, a U.S. Postal Service employee.[2]  Ms. Walker handed Mr. Gregoire the two envelopes, the certified mail form, and the return receipt and instructed him to (1) calculate the proper postage for the self-addressed envelope, (2) place the self-addressed envelope inside the petition envelope, (3) calculate the proper postage for mailing the petition envelope using certified mail and return receipt, and (4) mail the petition envelope using certified mail with return receipt.

Contrary to Ms. Walker's instructions, Mr. Gregoire (1) placed postage of $1.68 on the petition envelope, (2) placed postage of $8.03 on the self-addressed envelope, (3) placed the petition envelope inside the self-addressed envelope, (4) attached the certified mail sticker and return receipt to the front of the self-addressed envelope, and (5) postmarked the sender's receipt.  Ms. Walker did not inspect the envelopes to see whether Mr. Gregoire had accurately followed her instructions.

---

[2]The parties stipulated and Ms. Walker credibly testified that Mr. Gregoire was the U.S. Postal Service employee who handled the mailing transaction. However, at trial Mr. Gregoire did not recall the transaction, and the sales receipt from the transaction indicates that a different postal employee, Bridget Jackson, was logged into the register that handled the transaction.  Consistent with the parties' stipulation, we find that Mr. Gregoire handled the transaction at issue.

**[\*5]** Because the petition envelope was erroneously inserted into the self-addressed envelope, the petition envelope was not initially delivered to the Court. On August 20, 2011, Ms. Walker signed for and retrieved the self-addressed envelope from the Central City Post Office. She quickly discovered that an error had occurred, and on August 22, 2011, she mailed the following items to this Court: (1) the petition, (2) the duplicate petition, (3) the petition envelope, (4) the self-addressed envelope, (5) the return receipt, and (6) a letter dated August 22, 2011, addressed to the Clerk of the Court, setting forth her recollection of the events that occurred at the Civic Center Post Office on August 9, 2011.

## Discussion

### I. Sections 6213(a) and 7502 Generally

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Our jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered

**[\*6]** mail.  The taxpayer has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date that the notice of deficiency is mailed to file a petition with this Court for a redetermination of the contested deficiency.  Sec. 6213(a).

Pursuant to section 7502, a petition that is timely mailed is deemed to be timely filed.  A petition is timely mailed if the date of the U.S. Postal Service postmark stamped on the envelope in which the petition was mailed is within the time prescribed for filing, see sec. 7502(a)(1), (2)(A); sec. 301.7502-1(c)(1)(iii), Proced. & Admin. Regs., and the envelope containing the petition is properly addressed and bears sufficient postage, see sec. 7502(a)(2)(B); sec. 301.7502-1(c)(1)(i) and (ii), Proced. & Admin. Regs.

Extrinsic evidence of the mailing date is admissible if a U.S. Postal Service postmark date is either illegible or missing.  See Sylvan v. Commissioner, 65 T.C. 548 (1975); Quarterman v. Commissioner, T.C. Memo. 2011-258, 102 T.C.M. (CCH) 437, 439 (2011).  The burden is on the taxpayer to produce sufficient credible evidence that the petition was timely mailed.  See Mason v. Commissioner, 68 T.C. 354, 356 (1977); Maddox v. Commissioner, T.C. Memo. 2009-241, 98 T.C.M. (CCH) 360, 361 (2009); Perry Segura & Assocs., Inc. v. Commissioner, T.C. Memo. 1975-80, 34 T.C.M. (CCH) 406, 408 (1975); see also

**[*7]** sec. 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs. ("If the postmark on the envelope is made by the U.S. Postal Service but is not legible, the person who is required to file the document or make the payment has the burden of proving the date that the postmark was made.").

Alternatively, section 301.7502-1(c)(2), Proced. & Admin. Regs., provides as follows:

> Registered or certified mail. If the document or payment is sent by U.S. registered mail, the date of registration of the document or payment is treated as the postmark date. If the document or payment is sent by U.S. certified mail and the sender's receipt[3] is postmarked by the postal employee to whom the document or payment is presented, the date of the U.S. postmark on the receipt is treated as the postmark date of the document or payment. Accordingly, the risk that the document or payment will not be postmarked on the day that it is deposited in the mail may be eliminated by the use of registered or certified mail.

Section 301.7502-1(e)(1), Proced. & Admin. Regs., provides that section 7502 does not apply "unless the document or payment is delivered by U.S. mail to

---

[3]The sender's receipt is part of a certified mail form. Denman v. Commissioner, 35 T.C. 1140, 1142 (1961); Ernest v. Commissioner, T.C. Memo. 2002-23, 83 T.C.M. (CCH) 1134, 1135 (2002). The sender fills in the sender's receipt, and, upon request, the postal employee will postmark it and return it to the sender at the time of mailing. Denman v. Commissioner, 35 T.C. at 1142; Ernest v. Commissioner, 83 T.C.M. (CCH) at 1135. A postal employee may not postmark a sender's receipt except upon presentation of the certified article for immediate mailing. Denman v. Commissioner, 35 T.C. at 1142-1143.

**[\*8]** the agency, officer, or office with which the document is required to be filed or to which payment is required to be made." However, in determining whether section 7502 applies, we look to the date the original envelope was mailed. <u>See Price v. Commissioner</u>, 76 T.C. 389, 391 (1981); <u>Van Brunt v. Commissioner</u>, T.C. Memo. 2010-220, 100 T.C.M. (CCH) 322, 323 (2010); <u>Estate of Cranor v. Commissioner</u>, T.C. Memo. 2001-27, 81 T.C.M. (CCH) 1111, 1113 (2001).

Respondent contends that section 7502 does not apply in this case because the petition (1) did not satisfy the requirements of section 301.7502-1(c)(1) and (2), Proced. & Admin. Regs., to be considered timely mailed and (2) was not delivered to this Court as required by section 301.7502-1(e)(1), Proced. & Admin. Regs.

II.    <u>Whether the Petition Was Timely Mailed</u>

Respondent contends that the petition was not timely mailed because it was not properly addressed to this Court. However, Ms. Walker handed Mr. Gregoire two envelopes, the petition envelope and the self-addressed envelope, and instructed him to mail the petition envelope using certified mail. The petition envelope was properly addressed to this Court, <u>see</u> sec. 301.7502-1(c)(1)(i), Proced. & Admin. Regs., and it was mailed with sufficient postage, <u>see</u> sec.

[*9] 301.7502-1(c)(1)(ii), Proced. & Admin. Regs.;[4] see also Grossman v.

Commissioner, T.C. Memo. 2005-164, 90 T.C.M. (CCH) 10, 13 (2005) (handing

envelope to a postal employee constitutes a mailing).  What it lacks is a postmark.

We have previously held that extrinsic evidence of the mailing date is

admissible if, because of postal error, a U.S. Postal Service postmark date is either

illegible or missing.  See Sylvan v. Commissioner, 65 T.C. 548; Quarterman v.

Commissioner, 102 T.C.M. (CCH) at 439.  The parties have stipulated that the

petition envelope does not have a postmark because it was placed inside of the

self-addressed envelope.  The self-addressed envelope and the sender's receipt

 both bear a U.S. Postal Service postmark date of August 9, 2011.  Ms. Walker

credibly testified that Mr. Gregoire erroneously placed the petition envelope inside

the self-addressed envelope, and we find that Mr. Gregoire should have realized

his error when he placed the return receipt on the self-addressed envelope and

postmarked the sender's receipt.  We therefore find that the petition envelope was

---

[4]In his pretrial memorandum respondent contends that petitioner has not shown that the self-addressed envelope was mailed with sufficient postage.  As we do not reach the issue of whether the self-addressed envelope was timely mailed, we are not concerned with whether the self-addressed envelope was mailed with sufficient postage, but we are concerned with whether the petition envelope was mailed with sufficient postage.  The petition and the petition envelope are in the legal file for this case.  We find that Mr. Gregoire properly weighed them in the first instance and affixed sufficient postage.

**[\*10]** mailed on August 9, 2011, and we likewise find that August 9, 2011, is "the date of the postmark which should have been stamped on the envelope containing the petition." Ruegsegger v. Commissioner, 68 T.C. 463, 467 (1977).

Additionally, the petition envelope will have been timely mailed if the certified mail exception, see sec. 301.7502-1(c)(2), Proced. & Admin. Regs., applies in this case. Ms. Walker instructed Mr. Gregoire to send the petition envelope by certified mail and gave him the petition envelope together with a certified mail sticker. But Mr. Gregoire attached the certified mail sticker to the self-addressed envelope, which was addressed to Ms. Walker's business address. Mr. Gregoire then postmarked the sender's receipt, which stated that the mailing address was the mailing address of this Court, and placed the return receipt, which also stated the same, on the self-addressed envelope. The sender's receipt was timely postmarked, but the question remains as to whether the petition envelope was sent by U.S. certified mail despite the fact that the certified mail sticker was never attached to the petition envelope. See id.

We addressed a similar question in Hess v. Commissioner, T.C. Memo. 1989-412, 57 T.C.M. (CCH) 1224 (1989). In Hess, the taxpayers introduced

[*11] copies of sender's receipts with timely postmarks[5] and testimony that the sender's receipts were postmarked when the petitions were sent by certified mail, return receipt requested. See id., 57 T.C.M. (CCH) at 1224-1227. Certified mail stickers and return receipts were never affixed to the envelopes within which the petitions were sent, the envelopes bore insufficient postage for certified mail and return receipt, the envelopes bore postmarks that were untimely, and return receipts were not returned to the taxpayers. See id. at 1228. Additionally, neither the Court nor the Registry Section of the Washington, DC Post Office had a record of receiving certified mailings with the article numbers at issue. Id. at 1229. We observed that "sections 7502(c) and 301.7502-1(c), Proced. & Admin. Regs., require proof of a link between the sender's receipt and the envelope to which it relates", id. at 1228, and we concluded that the taxpayers in Hess had failed to establish that link, see id.

By contrast, petitioners have shown a link between the sender's receipt and the petition envelope. The sender's receipt and the return receipt state that the mailing address of the certified mailing was the mailing address of this Court. The lack of sufficient postage for certified mail and return receipt on the petition

---

[5]Hess v. Commissioner, T.C. Memo. 1989-412, 57 T.C.M. (CCH) 1224 (1989), does not say whether the sender's receipts stated that the mailing address of the certified mailings was the mailing address of this Court.

[*12] envelope is explained by the fact that Mr. Gregoire erroneously attached the certified mail sticker, the return receipt, and sufficient postage for the same on the self-addressed envelope instead of on the petition envelope. Moreover, the parties have stipulated that the petition envelope does not have a postmark because it was placed inside of the self-addressed envelope. We find that Ms. Walker sent the petition envelope by certified mail when she handed it and the completed certified mail form to Mr. Gregoire, and we, therefore, conclude that the certified mail exception applies in this case.

We have found that, but for Mr. Gregoire's errors, the petition envelope would have had a postmark date of August 9, 2011, and that, in any event, the certified mail exception applies in this case. Accordingly, we find that the petition in this case was timely mailed within the meaning of section 301.7502-1(c)(1) and (2), Proced. & Admin. Regs.

III.   Whether the Petition Was Delivered

Respondent contends that the petition in this case was not delivered to this Court because it was delivered to Ms. Walker's business address. Although the petition was first delivered to Ms. Walker's business address, Ms. Walker subsequently mailed the petition to this Court on August 22, 2011, and it has been received by and filed with this Court.

**[*13]** We have previously held that

> section 7502(a) does not require that the qualifying envelope (i.e., the envelope which was timely mailed, properly addressed, and bore the proper postage) be the envelope in which the petition is received; nor does section 7502(a) bar application of the "timely mailing is timely filing" rule if a petition contained in a properly addressed envelope (that otherwise meets the above requirements) is returned to, and remailed by, the taxpayer.

Estate of Cranor v. Commissioner, 81 T.C.M. (CCH) at 1113; see also Van Brunt v. Commissioner, 100 T.C.M. (CCH) at 323. Accordingly, we find that the petition was delivered to this Court within the meaning of section 301.7502-1(e)(1), Proced. & Admin. Regs.

We have found that the petition was timely mailed and was delivered. It was, thus, timely filed.

To reflect the foregoing,

An order will be issued denying respondent's motion to dismiss for lack of jurisdiction.